No. 9043.

SUTTON, STEELE AND STEELE MANUFACTURING, MILLING & MINING COMPANY *v.* McCULLOUGH.

1. GUARANTY—*Construction.* The liability of a grantor is limited, the words of its contract strictly construed.

By an agreement between plaintiff, two mining companies, and a trustee, it was provided that plaintiff should organize a new mining company that the two mining companies, parties to the agreement, should convey to the new corporation "a satisfactory merchantable title" to certain mining properties and that plaintiff, after the formation of the new company, "and good title to said properties conveyed to it", would provide for the new company a specified sum for the equipment of a mill. In the same connection defendants entered into an agreement with plaintiff reciting that in consideration of the advances to be made by the plaintiff to the new company "during the period required for an examination of the titles, etc. . . . in the event said titles are not found merchantable and good", to repay to plaintiff the moneys by it advanced on account of the new company. *Held* that defendant's agreement was not a guaranty that the title conveyed to the new corporation should be satisfactory to the plaintiff, and that to charge the guarantors, it must appear that the titles in question were, in fact, not merchantable and good.

2. CONVEYANCE OF LANDS—*Construction.* A general description of the premises conveyed prevails over a particular description when this is the clear intent.

A conveyance containing a particular description was followed by a clause in these words, "also all real estate of said corporation acquired and which may be acquired in said county, whether particularly described herein, or otherwise". *Held* to pass an interest in the premises mentioned, not contained in the particular description.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Messrs. ROGERS, ELLIS & JOHNSON, Mr. DANIEL B. ELLIS, Mr. PERCY ROBINSON, for plaintiff in error.

Mr. GEORGE L. NYE, Mr. A. T. MONSON, for defendants in error.

Opinion by Mr. Justice Allen.

This is an action brought by The Sutton, Steele and Steele Manufacturing, Milling and Mining Company, hereinafter called the Milling Company, against Heslop H. McCullough and H. F. Baker, hereinafter referred to as the defendants. The Milling Company seeks to recover of and from the defendants, upon a certain contract of guaranty executed by them under the circumstances and for the purposes hereinafter shown.

On August 18, 1914, and prior to the making of the contract of guaranty sued on, a contract was entered into by the Bessie Cora Mining Company and the McCullough Mines Company, as parties of the first part; George L. Nye, as trustee, party of the second part; and the above named Milling Company as party of the third part.

Under the contract last mentioned, it was agreed, among other things, that a new company or corporation would be organized by the Milling Company, and that each of the two mining companies, being the parties of the first part named in said contract, would convey to the new company by good and sufficient deeds "a satisfactory merchantable title, free and clear from any and all liens, incumbrances and taxes of every name and nature whatsoever," to certain mines and mining properties which are named and described in the contract. It was also provided in this agreement "that after the new corporation is organized, and good title to said properties has been conveyed to it, as aforesaid, the said milling company shall provide and make available for said new company as fast as needed" for the equipment of a mill, the sum of $25,000.00.

After the making of the contract above mentioned, which will be referred to as the Mining Companies' contract, and on the same day, or within the next few days, the defendants, McCullough and Baker, entered into the contract of guaranty upon which this action is brought. The contract in question recites that in consideration of the Milling Company's advancing the money for the equipment of the mill, as agreed in the Mining Companies' contract, "during the period required for an examination of the titles to said properties, and the organization of the new company," McCullough and Baker (the defendants)—

"jointly and severally personally agree and guarantee, in the event said titles are not found merchantable and good, and free from all liens, incumbrances and taxes, or said agreement and each and every part thereof is not carried out by the said The Bessie Cora Mining Company and the said The McCullough Mines Company, to repay to (the Milling Company) any and all sums of money advanced or paid out by you (the Milling Company) on account of said new company, or in connection with said agreement."

The complaint of the plaintiff, the Milling Company, sets forth the guaranty contract sued on, and also the Mining Companies' contract, and alleges the expenditure of certain sums of money by plaintiff "because of said contract of guaranty," in connection with the equipment of the mill as contemplated in the contracts herein mentioned. It is further alleged in the complaint that neither The Bessie Cora Mining Company nor The McCullough Mines Company have conveyed to the new company "a merchantable and good title to the properties mentioned in said agreement dated August 18, 1914."

The defendants, in their answer, among other things, deny all of the above mentioned allegations of the complaint, except that they admit that plaintiff advanced the amount of money alleged.

The trial court found that the evidence did not show any liability on the part of the defendants, and judgment was

rendered accordingly. The plaintiff Milling Company brings the case here for review.

The trial court's finding was based upon the theory that the defendants by their contract of guaranty did not guarantee "a satisfactory merchantable title" as the Mining Companies (not the defendants) agreed in *their* contract to convey to the new corporation, but that the defendants simply agreed to repay moneys to plaintiff only in case the titles were not "merchantable and good." This theory is assailed by the plaintiff in error, the Milling Company, and it is contended that the trial court erred in construing the defendants' contract "as not conditioned upon a satisfactory, merchantable title."

We do not agree with the contention thus made. The liability of a guarantor cannot be enlarged beyond the strict intent of the instrument. 12 R. C. L. 1075. We are of the opinion that the defendants' contract by its use of the expression, "in the event said titles are not found merchantable and good," clearly shows that it was the intent of the parties that no liability should attach to the defendants, unless the titles were in fact not "merchantable and good," and that the defendants did not guarantee that the title or titles would be "satisfactory" to the plaintiff. Our conclusion, in this respect, is reached after a due consideration of all the clauses and expressions contained in the contract. It is immaterial that the defendant's contract of guaranty, with reference to the title to the mining properties, is narrower or different than the Mining Companies' contract. A guaranty may be narrower than the contract between the principal debtor and his creditor. *Church v. Albers*, 174 Mo. 331, 342, 73 S. W. 508, 512.

The main contention of the plaintiff in error is to the effect that the trial court erred in finding from the evidence, in view of Exhibits K to P inclusive, that the title to the Chatauqua Lode, which is one of the properties named in the Mining Companies' contract, was merchantable and good.

We find from the record that the evidence shows that the title to the Chatauqua Lode, on January 31, 1879, was in The Montezuma Silver Mining Company. The contention of the plaintiff in error is based principally upon alleged defects in conveyances of the Chatauqua Lode subsequent to the date last mentioned. The first of such instruments is plaintiff's Exhibit K, a mortgage. The plaintiff in error claims that this mortgage, and also some of the later conveyances, convey only 2,100 feet of the Chatauqua Lode instead of its entire 3,000 feet. The argument deals with the description of the property conveyed. The description in the granting clause in Exhibit K is, in substance, as follows:

"Seventeen hundred feet on the Chatauqua Lode, as follows, viz:   *   *   *

"And also four hundred feet on said Chatauqua Lode, viz:   *   *   *

"And also all the real estate of said corporation (the grantor) acquired and which may be acquired in said Summit County, Colorado, whether the same is particularly described herein or otherwise."

The plaintiff in error relies upon authorities which follow the rule that a particular description which is clear and explicit and is a complete identification of the property intended to be conveyed will not be varied or enlarged by a more general and less definite description. However, the principal rule is, that the intention of the parties as apparent in the deed should control in determining the property conveyed thereby. 13 Cyc. 626. The general description prevails over the particular description where there is a clear intent to have the general control. 13 Cyc. 632. Such is the situation in the instant case. Preceding the general clause, which has been above quoted, is a description not only of a part of the Chatauqua Lodge, but also of 800 feet of the General Teller Lode, eight other named lodes, and other mining properties. A case in point is that of *Clifton Heights Land Co. v. Randall,* 82 Iowa 89, 47 S. W. 905, where the court said:

"The South Park Company conveyed to plaintiff by deed wherein the description of the property is given by lots, blocks or government subdivisions, covering over two pages of legal cap, followed with these words, 'Also together with all other lands that may not have been heretofore described belonging to said South Park Company.' Appellant contends that as certain lots are expressly mentioned, that excludes all others, and as Lot 22 is not mentioned, it did not pass by the deed. Such a construction of this deed would be against the manifest intent of the grantor. The evident purpose was to convey all the land owned by the grantor. * * * To cover any omissions and express the purpose of the parties, the recital quoted was added as descriptive of what further was conveyed."

The grantor, in Exhibit K, owned the entire 3,000 feet of the Chatauqua Lode, and by the conveyance there is a clear intent to have the general description control, and the same should be given effect. Exhibit K, therefore, conveyed the entire 3,000 feet of the lode in question, and the grantee received, a good and merchantable title to the same.

A discussion of Exhibits L to P, inclusive, would be practically the same as the expression of our views with reference to Exhibit K. It is sufficient to say that in our opinion the plaintiff failed to show that the title to the Chatauqua Lode was not good and merchantable.

Other questions are discussed in the briefs. The same have been considered, and the conclusion reached that no error was committed by the trial court.

The judgment is affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.