## No. 13,802.

WILCOXSON ET AL. v. MCMULLIN.
(63 P. [2d] 880)

Decided December 14, 1936.

Mr. FRANK DELANEY, for plaintiffs in error.

Mr. J. P. HELMAN, Mr. BENJAMIN GRIFFITH, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as plaintiffs, or as Wilcoxson and the bank respectively; defendant in error as defendant, or McMullin; one Ralph P. Henderson, as Henderson, and one Douglas E. Clark, as Clark.

The bank owned two notes, one signed by Henderson, the other by Henderson and Clark. These McMullin, in writing, agreed to pay under specified conditions. Plaintiff, relying thereon, brought this action. McMullin answered that the conditions of his guaranty had not been

met, that plaintiffs had repudiated it, and that otherwise most of the indebtedness would have been paid by Henderson and Clark. Plaintiffs replied, denying this, alleging that the notes were worthless, and pleading estoppel. At the close of the evidence defendant moved for an instructed verdict. That motion was sustained, and to review the judgment for costs thereupon entered in favor of defendant plaintiffs prosecute this writ. There are twenty assignments. The first is that the court erred in directing the verdict. The others are but refinements of this. Because there are, in our opinion, two unanswerable reasons why the order complained of was mandatory, and because these render all the remaining assignments immaterial, we confine ourselves thereto.

The notes were executed in 1930 with the bank as payee. McMullin had been the principal stockholder in the bank. Early in 1931 he sold his interest to Wilcoxson and as a part of that transaction he executed the guaranty. It is dated January 3, 1931, addressed to Wilcoxson, signed by McMullin, and so far as here material, reads: "In consideration of the purchase by you of my interest in the bank of DeBeque, I hereby guarantee full payment of the Clark and Henderson note * * * within one year from January 5, 1931, and Ralph P. Henderson note * * *.

"These guarantees are made upon the understanding that the bank will use every effort to collect the amounts due from the foregoing people during said periods and that the fact that I have guaranteed them in the foregoing manner be not divulged." The guaranty was not absolute. It rested upon three considerations: (1) The bank must "use every effort to collect"; (2) the fact of the guarantee must "be not divulged"; (3) these conditions must be kept until January 5, 1932, and the notes remain unpaid.

Under the first condition what was the duty of the bank? Clearly, to use every effort to collect, from the date of the guaranty until collected, or, in case of failure

to collect, to January 5, 1932. 12 R. C. L., p. 1063, §12; p. 1064, §13; p. 1090, §43. McMullin's liability must be strictly construed. It cannot be extended. *Sutton S. & S. Mfg. M. & M. Co. v. McCullough,* 64 Colo. 415, 418, 174 Pac. 302.

 Some authorities hold judgment and execution necessary. All seem to admit that this is the best evidence of diligence. Some excuse it on proof of absolute insolvency. From all, we deduce the rule that the diligence required is such as a reasonable man would employ under the circumstances were there no guaranty. 28 C. J., p. 974, §§129-136; 12 R. C. L., p. 1081, §33. Certainly this would require obtaining payment, or security covering all or any portion of the debt reasonably possible, even though the debtor were execution proof. These notes were due on demand. One had stood for six months and the other more than one month when the guaranty was executed. The bank clearly treated them as six months notes. Within six weeks McMullin telephoned and wrote the bank what could be done to get security for at least a portion of the debt. Beyond the cashier waiting one day at the bank for Henderson to come and being disappointed, nothing was done for four months and then no such interest or activity was manifested as would be reasonably expected if the loss, if any, were to fall on the bank. By June 12, more than six months before the guaranty would become effective, it clearly appears that the bank had retired from any position of responsibility if in fact it ever assumed such, beyond a voluntary offer of "mutual cooperation" with McMullin. In fact the evidence is undisputed that before the guaranty could have become absolute both Henderson and Clark had available, and would have given, security covering a large portion of this debt, had the bank been reasonably diligent. In our opinion there is no evidence that the bank used every effort, or any reasonable effort, and ample evidence that it did not. Hence the guaranty never became effective, and it is therefore immaterial what portion of the debt,

if any, would have been paid had the conditions been complied with.

Were there any possible doubt as to the foregoing, it would be disposed of by additional evidence which is likewise undisputed. Between February 13, 1931, and January 19, 1932, certain correspondence concerning these notes passed between McMullin and the bank, with the latter's cashier, Lischke, acting therein for it. Under date of January 12, 1931, five months at least before McMullin, in any view of the matter, would become liable, "F. H. Lischke, cashier," wrote McMullin: "I am instructed to say that under your guarantee this bank assumes no responsibility in the collection of this item, beyond any mutual cooperation in an effort to do so." As to the remainder of the correspondence, it is sufficient to say that it contains nothing to the contrary and much to support this attitude. It thus not only appears that during the period for which the bank was to use "every effort to collect" it used no reasonable effort, but that long before the expiration of that period it repudiated the duty, refused to meet the condition, and thus cancelled the guaranty and released McMullin from all liability under it. This result is so firmly grounded upon reason and justice as to render authorities superfluous, but if such be sought the books furnish many, all in accord. Some of them are: *Jordan v. Madsen,* 69 Utah 112, 119, 252 Pac 570; *Quapaw P. & R. Co. v. Camblin,* 106 Okla. 112, 232 Pac. 84; *Lake Shore & M. S. R. Co. v. Richards,* 152 Ill. 59, 38 N. E. 773, 30 L. R. A. 33.

The conditions of this guaranty were never met and were expressly repudiated, hence there was no escape from the directed verdict.

The judgment is affirmed.

Mr. Justice Young and Mr. Justice Holland dissent.