46  231
76  512

J. F. BAXTER v. WILLIAM C. YARBOROUGH.

POWER OF ATTORNEY.—A power of attorney to sell and convey all lands owned in the State of Texas by the principal, invests the agent with power to sell any specific tract in the State to which his principal may have title.

APPEAL from Wood. Tried below before the Hon. Z. Norton.

Suit in trespass to try title brought by J. F. Baxter. On the trial the plaintiff sought to introduce a power of attorney, authorizing the attorney " to transact all business for me, and in my name, in the State of Texas, to sell all the land in said State which I now own, to execute all manner of deeds," &c., which was excluded from the jury on objection of defendant. On this ruling an exception was taken, and error assigned. The record discloses that the action of the court

was based on the idea that the power was defective in failing to describe the land in controversy specifically.

*Payne & Putnam,* for appellant.

*Banks & Carter,* for appellee.

ROBERTS, CHIEF JUSTICE.—The only question in this case is, did the court err in excluding from the jury a power of attorney, under which one of the deeds in evidence before the jury was made, upon the ground, as shown by the bill of exceptions, that the land to be sold was not particularly described in the power of attorney. We think this was error. The power of attorney embraced any and all lands that might be owned by the principal in the State of Texas, and it was certainly not necessary to specify any particular tract of land in Texas to authorize the agent to sell it. No authority for such a rule of law has been cited, and it is believed none such could be found.

Judgment reversed and cause remanded.