J. L. SMITH, EXECUTOR, v. A. E. WESTALL.

No. 2832.

1. **Deed—Description.**—A grant of "all that certain tract or tracts, parcel or parcels of land by me inherited from my deceased parents,   *   *   *   situated in the county of Brazoria or State of Texas," *held* to pass title to land shown to have been owned by the grantor's father at his death in Brazoria County.

2. **Bona Fide Purchaser—Consideration.**—The grantor sold a second time to a purchaser who had no notice of the first sale; the purchaser paid no money, but surrendered a claim upon one to whom the grantor was owing, by which means the consideration was paid. *Held*, that the purchaser parted with a thing of value, and which was a consideration paid.

APPEAL from Brazoria. Tried below before Hon. Wm. H. Burkhart.

Andrew E. Westall was the sole heir at law of Thomas and Henson G. Westall, grandson of the former and son of the latter.

Thomas Westall owned the land in suit, an undivided interest in the Asa Mitchel labor, and upon his death Henson G. Westall as his heir inherited the same—that is, one-thirty-second undivided interest in the labor. Andrew E. Westall as sole heir of H. G. Westall inherited the same upon the death of his father, March 18, 1872. Andrew E. Westall made a conveyance for the express consideration of $100 to Thomas G. Masterson (whose executor, Smith, brought this suit), conveying "all right, title, interest, and estate I have or may have in the property belonging to the estate of my deceased father, H. G. Westall, of every character and description whatever, real, personal, or mixed." This deed was not recorded in Brazoria County until the 31st of May, 1889.

On the 5th of February, 1889, said Andrew E. Westall, Jr., executed a deed to the defendant D. F. Rowe as follows: "All that certain tract or tracts, parcel or parcels of land by me inherited by, through, or from my deceased parents, Henson G. Westall, my father, and Harriet Westall, my mother, situated in the county of Brazoria or State of Texas, and all right that I now have, have had, or may have to any estate or property

that is or might be due me, whether real, personal, or mixed, in this county or State. This conveyance is meant to convey and carry with it every possible interest that I now have or may have to any property in this county or any other county in the State of Texas. To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said D. F. Rowe, his heirs and assigns forever; and I do hereby bind myself, my heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto the said D. F. Dowe, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

This deed was properly authenticated for record and recorded same day.

This deed expressed a consideration of $500. It was paid as follows: The said Andrew E. Westall, Jr., owed one Wharton Bates a debt of $500. Said Bates was indebted to D. F. Rowe $500, and at the instance of Bates, Rowe gave Westall an order on him (Bates) for the $500 purchase price for the interest of said Westall in his father's and mother's estate, Bates assuring Rowe against loss by the change of debtors. At the time of Rowe's purchase he had no knowledge, actual or constructive, of the deed to Masterson. Rowe paid out no money on the faith of the transaction.

Francis L. Smith, Masterson's executor, brought this suit to recover the land of Rowe, making Andrew E. Westall a party defendant. The case was tried by the court, who found that Andrew E. Westall made the two conveyances, which he concluded were absolute deeds to the land in controversy; that Rowe had no notice of the first deed at the time he bought; that the mutual debts of Westall to Bates and of Bates to Rowe were extingushed by the transaction.

*A. R. Masterson,* for appellant. —1. The deed procured by Rowe of Westall did not convey the same land or any other land, as held by the court in its conclusion upon the fact, because none could be identified by it, no particular tract being described in it; his right only to lands he might own was conveyed such as he then had as heir, etc. Norris v. Hunt, 51 Texas, 614; Pressley v. Testard, 29 Texas, 201; Murray v. Land, 27 Texas, 90; Davenport v. Chilton, 25 Texas, 519; Wofford v. McKinna, 23 Texas, 36; Flanagan v. Boggess, 46 Texas, 330.

2. Upon construction of deeds. Hancock v. Butler, 21 Texas, 806; Pugh v. Mays, 60 Texas, 193.

3. The *habendum* clause in the deed to Rowe limited and restricted the first grant in the deed by explaining what the grantor meant to convey, viz.: "This conveyance is meant to convey and carry with it every possible interest that I now have or may have to any property in this county or any other county in the State of Texas." Rowe v. Heath, 23

Texas, 619; Cromwell v. Holliday, 34 Texas, 467; Whallon v. Kaufman, 19 Johns., 97; Jackson v. Blodgett, 16 Johns., 178; Jackson v. Clark, 7 Johns., 223; 2 Pars. on Con., 494.

4. The appellee was not an innocent purchaser for value without notice, and his deed of February 5, 1889, should not have had precedence of the deed to Thomas G. Masterson, dated March 18, 1872. Spurlock v. Sullivan, 36 Texas, 516, 517; Watkins v. Edwards, 23 Texas, 447; Rogers v. Burchard, 34 Texas, 453; Hawley v. Bullock, 29 Texas, 222; Fraim v. Frederick, 32 Texas, 308; Beaty v. Whitaker, 23 Texas, 528; Mann v. Falcon, 25 Texas, 275.

*W. S. Brooks,* for appellee. — 1. That is certain which can be made certain. The description in the deed to Rowe can be made certain by proof that the land in controversy was inherited by Andrew E. Westall from his father, Henson G. Westall. Bitner v. Land Co., 67 Texas, 341; Harvey v. Edens, 69 Texas, 420.

2. Where two parties standing upon the same footing are equally innocent of wrong and one is guilty of neglect, the one guilty of neglect must suffer the loss occasioned by his own laches.

3. If a party, in consideration of the conveyance to him of land, extinguishes and cancels a valid subsisting debt to him by a third party who has no interest in the land, he has parted with a valuable consideration. He can not be again placed in the position occupied by him before such conveyance, and he is a purchaser for value, and as such will be protected.

COLLARD, JUDGE.—No specific property is described in the deed to Rowe. The property conveyed is "all that certain tract or tracts, parcel or parcels of land by me inherited by, through, or from my deceased parents, Henson G. Westall, my father, and Harriet Westall, my mother, situated in the county of Brazoria or State of Texas, and all the right that I now have, have had, or may have to any estate or property that is or might be due me, whether real, personal, or mixed, in this county or State." An explanatory clause follows in these words: "This conveyance is meant to convey and carry with it every possible interest that I now have or may have to any property in this county or any other county in the State of Texas." The deed contained a general warranty. It is a general rule that a deed must be construed so as to give effect to all its parts, if it can be done. Hancock v. Butler, 21 Texas, 804; Pugh v. Mays, 60 Texas, 192; 3 Wash. on Real Prop., 398.

The deed before us makes at least two grants; first, all the lands inherited by the grantor from his deceased father and mother, without qualification or restriction; then of all other property, real and personal, he owned, had owned, or might own, derived from every source. The next part of the grant was intended to declare that every possible interest in

any property owned or held by the grantor in the State was to pass. It was intended to enlarge rather than to limit the grant. It was not intended as a more particular designation of the property and to limit the conveyance to such estate only as the grantor then owned, or to have the effect of quit-claiming the property.

It is insisted by appellant that Rowe was not an innocent purchaser, because the consideration paid by him was an antecedent debt. The fact stated is true that the consideration was a debt due to Rowe, but it was not a debt due by Westall, but a debt due by one Bates to Rowe, Bates at the same time surrending to Westall a claim against him for the same amount, $500. We think that this was a valuable consideration, and one that will support the plea of innocent purchaser. Bates gave Rowe no guaranty, was in no way responsible to him if the title failed or the interests in the estates purchased proved to be of no value. Rowe surrendered a valuable right, was in a worse position than before, and therefore entitled to protection as an innocent purchaser, having no notice of the former conveyance to Masterson. Paddon v. Taylor, 44 N. Y., 371; Ayers v. Duprey, 27 Texas, 593, 607.

The description in the deed was sufficient, and it passed all lands in the State vested by inheritance in Westall at its date. Baxter v. Yarborough, 46 Texas, 231; Harvey v. Edens, 69 Texas, 420; 67 Texas, 341.

We conclude the judgment of the court below should be affirmed.

*Affirmed.*

Adopted March 18, 1890.