## M. H. LAUCHHEIMER & SONS ET AL. v. J. R. SAUNDERS.

### Decided December 11, 1901.

#### 1.—Deed—Description—All of Grantor's Property.

A conveyance of certain lands specifically described, followed by a general clause of conveyance of all of grantor's land in the county, will pass land so owned by him though it was not one of the tracts specifically described.

#### 2.—Homestead—Rural or Urban.

In determining whether a homestead is rural or urban, the circumstances at the time the property was acquired and made a home can not be made conclusive, the right being affected by conditions of use, surroundings, and relation to the town at the time the adverse right became fixed.

Appeal from Coryell.   Tried below before Hon. W. J. Oxford.

*T. F. Bryan,* for appellants Lauchheimer & Sons.

*J. H. Arnold,* for intervener G. Y. Coop.

*McDowell & Saddler* and *H. N. Atkinson,* for appellee:

FISHER, CHIEF JUSTICE.—This is the third appeal of this case. The first is reported in 47 Southwestern Reporter, 543. The second appeal will be found in 57 Southwestern Reporter, 70. These two cases are referred to for a history of the case and the questions involved.

In the case we are now considering, judgment of the trial court was in favor of appellee Saunders on the homestead issue, the effect of which was to determine that the property in controversy was his homestead at the time that the appellant Lauchheimer and the intervener Coop undertook to fix their liens upon the same.

On the question as to whether the execution lien of appellant Lauchheimer or the deed of trust lien of intervener was superior, we are of the opinion that the ruling of the court in favor of the intervener was correct. The court in its charge in effect instructed the jury that the lien fixed by the deed of trust was superior to the appellant's execution lien; and if the property in controversy was not the homestead of Saunders, then the verdict should be in favor of the intervener. The appellant attacked the deed of trust and the deed in favor of intervener by virtue of which he asserts title to the property in controversy, on the ground that these two instruments did not describe or convey the 100 acres in controversy. The deed of trust in favor of intervener, and the deed subsequently executed to him, describes certain parcels and tracts of land conveyed by those two instruments; and has a general clause to the effect that it was the intention of Saunders to convey all of his real estate in Coryell County, whether described or not, except his homestead. There is nothing upon the face of the deed of trust and the deed executed in pursuance thereof to indicate any inconsistency between this general description and the descriptive matter identifying the particular tracts described and mentioned in the instruments. The evident purpose of the grantor was to convey the property specially described, as well as all other that he might at that time have owned, situated in Coryell County. The special mention and description of particular tracts or parcels of land given in the instruments could not be construed as a restriction and limitation upon the other intention of the grantor, as is indicated by the general granting clause, conveying all other lands that were not described. There is no repugnancy between the two matters of description; but upon the contrary, they can be reconciled upon the theory in accord with the grantor's evident intention to convey the particular tracts mentioned, and also all other lands. If such was not his intention, this general clause would have served no purpose in the conveyance; and we know of no rule of law that would destroy the effect of this clause, and thus defeat the purpose of the grantor, because he has seen fit to give a more definite and particular description to other parcels of land mentioned in the instruments.

The court below, in submitting the issue of homestead to the jury, seems to have been governed by the rule announced by the Court of Civil Appeals of the Fourth District on the last appeal of this case, which will be found reported in 57 Southwestern Reporter, 70 to the

effect that the homestead right should be determined at the time that Saunders acquired the 100 acres in controversy, in 1868. If such is the effect of the ruling there made, we can not give our consent to it. The conditions existing at that time may be taken into consideration by the jury as a matter of evidence bearing upon the homestead right, and if the right then existed, it might be presumed to continue until evidence was adduced, either by acts of the owner or of the town or city bringing the property within its limits and exercising jurisdiction over it, in such a way as to indicate that the homestead, in its rural character, had been lost or abandoned. Wilder v. McConnell, 91 Texas, 603; Posey v. Bass, 77 Texas, 512. But the true test is to ascertain and determine the condition of the homestead right at the time the adverse parties attempted to acquire and fix their liens.

The Supreme Court, in the case of Wilder v. McConnell, 91 Texas, 604, in effect holds that where a city has extended its corporate limits, and undertakes in some manner authorized by law to exercise 'jurisdiction over property embraced within the boundaries of the corporation, the homestead right must be determined by the conditions existing when that right is questioned. This is evidently the correct rule. It is based upon the principle that the Constitution exempts the homestead as it is when the adverse right is asserted against it. At some period in the history of the past occupancy the homestead right may have so clearly existed that there could be no question about it, but by subsequent conduct of the occupant or by a city exercising its authority in extending its corporate limits so as to include it, and in some other way exercising its jurisdiction over the property, might clearly indicate that such previous right had been lost or abandoned when the creditor was seeking to subject it to his demands. Therefore, it becomes necessary, in order to determine what are the rights of the parties, to inquire into the conditions existing at the time that these rights are asserted.

If it should be determined that the nine acres upon which Saunders resided at the time the appellant and intervener attempted to fix their liens upon the 100 acres, was a part of the town or city of Gatesville in the sense that would make it an urban homestead, then it is clear that the 100 acres could not be impressed with the homestead character, because it is conceded that it lies without the limits of the town.

The charge of the court in intimating that the conditions existing in 1868 would govern, was evidently calculated to mislead the jury in determining the homestead issue; because if they had been confined to conditions existing in 1897, they doubtless would have returned a different verdict, as the evidence indicating the conditions existing at that time is most pursuasive, if not convincing, to the effect, that the nine acres was then actually a part of the town of Gatesville, and was so occupied and used by Saunders, in connection with the authority exercised by the city in embracing it within its corporate limits and plotting it as one of the lots of the town and giving it a distinct number and taxing it for corporate purposes, as to make it an urban homestead.

Objection is urged to the charge of the court, and to requested charge given at the instance of appellee, laying stress upon certain facts mentioned in the former which the jury should consider as establishing homestead, and in the latter in instructing them that an extension of the corporate limits would not affect the homestead right. The facts mentioned in the charge are proper to be considered by the jury along with other facts, in determining the homestead issue; but it would not be proper for the court to select one of these facts and give it a conclusive effect. A bare extension of the corporate limits would not necessarily convert a rural into an urban homestead, but that fact, in connection with other facts, are proper to be considered in determining whether the property was a rural or urban home. Wilber v. McConnell, supra, and cases cited.

The court in charging upon an issue, may group the facts bearing upon that question which should be considered in determining the issue, and leave to the jury the question whether they had been proven and what effect should be given to them; but in the absence of a provision of law giving a conclusive effect to any particular fact, it would be error for the court to instruct the jury what effect should be given it. They should, in cases like this, as well as others, be left free to determine what bearing the particular fact has upon the question at issue when considered in connection with all of the facts relating to that subject.

In view of the averments of fraud contained in appellant's answer attacking the title of the intervener, we leave that question open to be determined upon another trial.

For the errors in the charge, as indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*