## O'NEIL v. KEISLER.
### No. 7419.

Court of Civil Appeals of Texas. Austin.
March 26, 1930.

M. E. Gates, of Huntsville, for appellant.

Haynes Shannon, of Navasota, for appellee.

672

## BLAIR, J.

Appellant, Eliza O'Neil, sued appellee, J. T. Keisler, to cancel and annul a certain deed executed by herself and her deceased husband, Cornelius O'Neil, to appellee, conveying 13¾ acres of land, alleging that the land constituted the homestead of herself and deceased husband at the time the deed was executed and for a long time prior thereto; and that, while the deed was absolute in form, it was a simulated sale, and in fact intended as a mortgage, with the understanding that the property would be reconveyed to grantors upon the payment of the indebtedness owing by grantors to grantee. Appellee denied these allegations, and, upon trial to the court without a jury, judgment was for appellee; hence this appeal.

■ Appellee moves the court to strike out the statement of facts filed in the trial court more than 90 days after the adjournment of the term at which the case was tried, and after the transcript had been filed in this court, and 7 days after the trial court ordered same to be filed in the trial court, and to affirm the judgment on the record as presented without reference to the statement of facts. The statement of facts does not appear to have been filed in the appellate court, although found among the papers in the case. Appellant's counsel was notified more than 60 days ago of this fact, but has made no motion or showing why this belated statement of facts should be considered. We have examined the record, and conclude the motion should be granted. Barron v. Theophilakos (Tex. Civ. App.) 13 S.W.(2d) 739, 741; Employers' Casualty Co. v. Rockwall County (Tex. Civ. App.) 300 S. W. 148; Vol. 3 Texas Jurisprudence, § 475, pp. 667–669; Art. 2246.

■■ We have also taken the occasion to examine the statement of facts, and find that the evidence presents a conflict as to whether the deed was intended as a mortgage, which issue the trial court found and resolved in favor of appellee. This finding is conclusive upon this court. Appellant further insists that the undisputed evidence shows the deed to be without consideration, since it was executed in consideration of the cancellation of a pre-existing debt. The authorities are uniform that a pre-existing debt constitutes a valuable consideration for the conveyance of real estate. Smith v. Westall, 76 Tex. 509, 13 S. W. 540; 18 C. J. 163–164; § 43, and cases cited Note 84; 8 R. C. L. 962. The evidence shows that at the time of the execution of this deed grantors owed grantee $490. The consideration recited in the deed was $400. Appellee credited the grantors' account with $400, and carried the balance as an open account. The evidence also shows that appellee agreed to pay a note secured by chattel mortgage on grantors' property, pay-

able to a local bank as a part consideration for this deed, and the evidence is undisputed that the grantee paid this note, and the note and mortgage was assigned and delivered to him.

The judgment of the trial court is affirmed.

Affirmed.