### SUN OIL CO. v. BURNS et ux.
### No. 4373.

Court of Civil Appeals of Texas. Texarkana.
Nov. 18, 1933.

Rehearing Denied Nov. 23, 1933.

T. N. Jones, of Tyler, and T. L. Foster and J. W. Timmins, both of Dallas, for appellant.

Lasseter, Simpson & Spruiell, of Tyler, for appellees.

LEVY, Justice (after stating the case as above).

The parties have entered into the following stipulation: "That the only question to be considered in this case is whether or not the lease by its terms, under the proper construction thereof, in connection with the other facts which are reflected in this agreement, includes and covers the 3.736 acres described and sued for in plaintiffs' petition. That if the Court construes the lease as covering the land sued for, judgment should be entered in favor of the defendants establishing the lease to the land sued for; but if the Court construes the lease as not covering the land sued for then judgment should be in favor of the plaintiffs."

No claim is made that because of fraud or mistake the lease as executed does not express the intention of the parties thereto. And no claim is made that the field notes described by the boundaries and courses and distances stated in the lease when laid on the ground truly establish in fact that the 3.736 acres of land sued for are embraced therein. It is otherwise agreed as a fact that the specific metes and bounds of the field notes stated in the lease, when laid on the ground, truly establish that "106.25 acres" and no greater quantity of land are embraced therein. Such excess quantity of "6.25 acres" above the quantity of "100 acres" mentioned in the granting clause of the lease is conceded to have passed to appellant under the specific description of the lease and is not involved in the suit. Therefore, considering the above-agreed precise facts, the inquiry of what land and the quantity of land the written lease conveyed or passed the estate in must be answered by its terms. The granting clause of the written instrument describes specific property in certain and unequivocal description, giving location, survey, area, and boundaries. The property is specially set out as "the land hereinafter described * * * being situated in Smith County, Texas, and described as follows: A part of the Juan Vargas League, Abstract No. 22, Beginning (here follows courses, distances and bounds), containing 100 acres of land." There is very plainly shown in the language of the granting

clause that the lessor's intention in the execution of the lease was to lease or pass all the estate conveyed by and embraced within the particular boundaries, courses, and distances mentioned. In the clause, though, following the above-mentioned particular description of specific property, is present language employed therein evidencing the express intention of the lessor "to include within the terms" or limits "of this lease" also "any and all other land owned or claimed by the lessor," adjoining the land described, which reaches into "said survey" or "adjoining surveys." As it is written, taking the language used in the usual grammatical sense, the clause as a whole may not, it is believed, be considered as evidencing the intention and manifesting the purpose to enlarge the granting clause of the instrument. The expression in the beginning of the clause of "it being the intention, however, of the lessors to include within the terms of this lease," go plainly to give the clause the force of a clause of modification of or subtraction from the recital or statement in the preceding or granting clause as to the quantity of the land contained in the description stated and to have clear description prevail over any preceding expression or recital that may be deemed of doubtful import in that respect. Given its usual and accurate force, the word "however," when, as here, in the middle of a sentence, has the force of modifying or subtracting something from a preceding statement or recital. And the clause as a whole is, in the sense, not of changing the field notes specifically given in the granting clause, but of emphasizing and showing exactly the intention to have the whole parcel of land pass under the lease that the specified description, courses, and distances and area, laid on the ground, truly established the truth of, even though there be superadded a greater quantity of land than the recited "100 acres" mentioned as being "in said survey" of the Juan Vargas league, and even though the specified courses and distances and bounds reach "in adjoining surveys"; that the meaning and intention of the parties be not understood of having the particular description of the property stated in the granting clause controlled by the recital therein of the quantity, and be not understood of having particular description stated to be in all its part applicable alone to "the survey" stated therein, of "the Juan Vargas League." Plainly stated, the clause is in the sense of an excess clause, in the intention and purpose of having the quantity of the land the field notes, in courses, distances, and bounds, laid on the ground truly establish the truth of, even though the field notes reach into another and adjoining survey to the survey specially named. It is not supposable from the language of the clause that the lessor intended in such complete uncertainty and demonstration of description to lease separate and

additional tracts of land besides the specific property described, say, as for instance, as it might chance to be, of 100 or 200 acres, or as much as 1,000 acres, in the same survey or adjoining surveys. The clause in question accomplished the purpose, as was intended it should do, of having the quantity of acres which the metes and bounds truly established the truth of, which was 6.25 acres, added to the estimated quantity as given in the lease of "100 acres."

The present instrument is not similar to the ones either in the cases of Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940, or Smith v. Westall, 76 Tex. 509, 13 S. W. 540. In the case of Westall, supra, no specific property was described in the deed. There was a general statement of the property conveyed. The clause following was not in language as the present one, and was intended, as construed, not one of more particular description of the property, but of enlargement of the grant. The clause in the case of Cook, supra, was not in language of the present case, and its purpose was, as construed, to enlarge the granting clause as well as terms of description. The case of Lauchheimer v. Saunders, originating in 27 Tex. Civ. App. 484, 65 S. W. 500, cited by appellant, we are not inclined to adopt upon this point.

It is believed the trial court has correctly decided the case, and the judgment is affirmed.

## On Motion for Rehearing.

The appellant's motion for rehearing urges the point, as was done in the original brief, that the form of words of the clause in the lease in controversy absolutely requires the construction to be placed upon it of that of enlarging the grant so as to include all other lands besides the land particularly described which were owned or claimed by the lessor, whether described by metes and bounds or not, situated in the same or adjoining surveys. It is believed the construction which the appellant seeks to have placed upon the clause is not the one which ought to be given to it. As shown in the original opinion, we conclude, and the same view is now taken, namely: "As it is written, taking the language used in the usual grammatical sense, the clause as a whole may not * * * be considered as evidencing the intention and manifesting the purpose to enlarge the granting clause of the instrument. * * * Plainly stated, the clause is in the sense of an excess clause, in the intention and purpose of having the quantity of land the field notes, in courses, distances and bounds, laid on the ground truly establish the truth of, even though the field notes reach into another and adjoining survey." That construction is the more reasonable one to be placed upon the clause and as fully warranted to be done by the language used. As was further observed

in the opinion: "It is not supposable from the language of the clause that the lessor intended in such complete uncertainty and demonstration of description to lease separate and additional tracts of land besides the specific property described, say, as for instance, as it might chance to be, of 100 or 200 acres, or as much as 1,000 acres in the same survey or adjoining surveys." It is yet believed consideration of what is reasonable should have a potent influence upon the construction to be put upon the clause in controversy; otherwise absurd and even fraudulent consequences might chance to result in some future case. A construction which must necessarily lead to results of purchance adding untold amount of acreage would not be preferable to a construction which would not lead to such results, unless the words of the clause absolutely require, and we think they do not, such preference.

The motion is overruled.