SUN OIL COMPANY V. L. E. BURNS ET AL.

No. 6692. Decided July 3, 1935.
Rehearing overruled July 10, 1935.
(84 S. W., 2d Series, 442.)

*Ben H. Powell,* of Austin, *T. N. Jones,* of Tyler, *T. L. Foster, J. W. Timmins,* and *Martin A. Row,* all of Dallas, for plaintiff in error.

On proposition that land in controversy passed under the deed. Dalton v. Rust, 22 Texas, 134; Barkley v. Gibbs, 233 S. W., 134; Smith v. Westall, 76 Texas, 509; 18 C. J. Deeds, sec, 254.

*Lasseter, Simpson & Spruiell,* of Tyler, for defendants in error.

The general language showing a particular description in the oil and gas lease from L. E. Burns and wife to Sun Oil Company does not operate nor can be construed to cover the land in dispute. Emery v. League, 72 S. W., 603; Aycock v. Reliance Oil Co., 210 S. W., 848; 7 Tex. Jur., 126; 14 Tex. Jur., 1040.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals affirmed a judgment in favor of defendants in error, L. E. Burns and wife, against plaintiff in error, Sun Oil Company, for the title and possession of a tract of land containing 3.736 acres in the Juan Vargas league in Smith County. 65 S. W. (2d) 808. The case was tried on an agreed statement of facts, and the sole question presented is whether an oil and gas lease executed by defendants in error to plaintiff in error is correctly construed as covering or including the land in controversy.

The oil and gas lease, executed on a printed form, grants, leases, demises and lets unto plaintiff in error "the land hereinafter described" for the purpose of exploring, prospecting, drilling, mining, operating for and producing oil, gas, and other minerals, stating that the said land is situated in Smith County, Texas, "and described as follows." The lease then contains the following written by typewriter in a blank space left in the printed form:

"A part of the Juan Vargas league abstract No. 22 beginning at the S W corner of the J. A. St. Clair tract on E B line of the H A Pace 455 38/100 tract thence S 9″ W 692 Vrs. to a corner, Thence S 81″ E 842 Vrs. to a corner, Thence N 9″ E 695 Vrs. to a corner, The S E corner of said St. Clair tract, Thence N 81″ W 842 Vrs. to the place of beginning, containing 100 acres of land."

Immediately following the typewritten words which have been quoted, and immediately preceding the habendum clause, the lease contains the following clause, which is a part of the printed form:

"It being the intention, however, of lessor to include within the terms of this lease not only the above described land, but also any and all other land owned or claimed by lessor in said survey or surveys in which the above described land is situated or in adjoining surveys and adjoining the above described land."

The tract described by metes and bounds, although recited to contain 100 acres, in fact contains 106.25 acres of land. The 3.736 acre tract in controversy is in the Juan Vargas league and is triangular in shape, its dimensions being 871.3 by 48.5 by 870.2 varas. It lies immediately south of and adjoins the 106.25 acre tract, its north line, which is one of its longer lines, being coincident with the south line of the said larger tract for its full length. At the time the lease was executed and delivered, defendants in error, the lessors, owned and claimed the small triangular tract, as well as the larger tract.

**1** In determining whether the lease is correctly construed as covering or including the tract in controversy, we must seek to ascertain from the instrument the true intention of the parties. This is the object of all rules of interpretation or construction. "The ultimate purpose in construing a deed is to ascertain the intention of the grantor." Gibbs v. Barkley (Com. App.), 242 S. W., 462, 464. "In all contracts, including deeds, the intention of the parties, when it can be obtained from the instrument, will prevail unless counteracted by some rule of law." Benskin v. Barksdale (Com. App.), 246 S. W., 360, 363. In Rio Bravo Oil Co. v. Weed, 121 Texas, 427, 50 S. W. (2d) 1080, 1087, 85 A. L. R., 391, it is said that the prime object and purpose of rules of construction is to enable the courts to ascertain and give effect to the true intention of the parties. The authorities uniformly seek and give controlling effect to intention. See: Witt v. Harlan, 66 Texas, 660, 2 S. W., 41; Cook v. Smith, 107 Texas, 119, 174 S. W., 1094, 3 A. L. R., 940; Southern Travelers Ass'n. v. Wright (Com. App.), 34 S. W. (2d) 823, 826; Colquitt v. Eureka Producing Co. (Com. App.), 63 S. W. (2d) 1018, 1021; 18 C. J., p. 284, sec. 254; Devlin on Deeds (3d Ed.) Vol. 2, pp. 2016-2017; Note 72 A. L. R., 410, 416.

The strictness of ancient rules for construing deeds and like instruments has been relaxed, and it is now well settled that all parts of the instrument will be given effect when possible, and the intention of the parties will be gathered from the whole without reference to matters of mere form, relative position of descriptions, technicalities, or arbitrary rules. Pugh v. Mays, 60 Texas, 191; Smith v. Westall, 76 Texas, 509, 511, 13 S. W., 540; Cartwright v. Trueblood, 90 Texas, 535, 537, 39 S. W., 930; Cook v. Smith, 107 Texas, 119, 174 S. W., 1094, 3 A. L. R., 940; Reynolds v. McMan Oil & Gas Co. (Com. App.), 11 S. W. (2d) 778; Associated Oil Co. v. Hart (Com. App.), 277 S. W., 1043, 1044; Rio Bravo Oil Co. v. Weed, 121 Texas, 427, 50 S. W. (2d) 1080, 1087, 85 A. L. R., 391; Colquitt v. Eureka Producing Co. (Com. App.), 63 S. W. (2d) 1018, 1021; Ogletree v. Abrams (Com. App.), 67 S. W. (2d) 227; Sisk v. Randon, 123 Texas, 326, 70 S. W. (2d) 689.

**2** In seeking to ascertain from the entire instrument the true intention of the parties as to the land to be affected by and included in the lease, we find that the instrument in describing the land leased sets out first by metes and bounds the 106.25 acre tract, and that this description is immediately followed by the clause which states the intention of the lessor to include

within the terms of the lease *not only* "the above described land" *but also* any and all other land owned or claimed by the lessor in the survey or surveys in which "the above described land" is situated or in adjoining surveys and adjoining "the above described land." This language needs no construction. It is not fairly susceptible of more than one interpretation. It not only shows, but it declares in plain and unmistakable terms, the intention of the grantor to include within the lease not only the land particularly described, but also any other land owned or claimed by the lessor in the same survey or in adjoining surveys and adjoining the land particularly described. Especially in view of the use of the words "not only" and "but also," it would be a perversion of the plain meaning of the simple and expressive language to say that it evidences an intention to grant and lease only the 106.25 acre tract.

The rules and conclusion announced in Cook v. Smith, 107 Texas, 119, 174 S. W., 1094, 3 A. L. R., 940, are of controlling effect here. The question for determination in that case was whether the deed was intended to be only a quitclaim of such title as the grantor had or a conveyance of the land itself. Chief Justice Phillips stated and used the following rules in making the decision:

"The intention of the instrument is to be confined, of course, to that which its terms reveal; but it should be considered in its entirety, and if, taken as a whole, it discloses a purpose to convey the property itself, as distinguished from the mere title of the grantor, such as it may be, it should be given the effect of a deed, although some of its characteristics may be those of a quit claim deed."

He found that if the character of the instrument were dependent alone upon the construction of the granting clause and the habendum clause, it should be construed as simply a quitclaim. The deed contained, however, immediately after the description of the land, the following clause:

"And it is my intention here now to convey to the said A. A. Neff all the real estate that I own in said town of Paducah, in Cottle County, Texas, whether it is set out above or not."

On account of this clause it was held that the instrument was a conveyance of the property and not merely a quitclaim deed. In so holding Judge Phillips said:

"But the presence in the deed from Potts to Neff of the clause, 'and it is my intention here now to convey to the said A. A. Neff all the real estate that I own in said town of Padu-

cah, whether it is set out above or not,' cannot be overlooked. It discloses very plainly, we think, that the grantor's intention in the execution of the instrument was to convey all of the property situated in the town previously described, and any other property there owned by him which was not described. * * *

"Its manifest purpose was to enlarge both the granting clause of the instrument and the preceding terms of description. This is shown by the use of its ampler phrase. The instrument had previously dealt with only the grantor's *title* to particular property. But to make plain that it had a larger purpose than merely to release the grantor's title to the particular property in the town which had been described, it is distinctly announced in this clause that the grantor's intention in the execution of the instrument was to *convey all the real estate that he owned in the town, whether specifically described or not.*"

The clause declaring the intention of the grantor, was because of its plain language and manifest purpose, given the effect of enlarging both the granting clause and the terms of the description, and of converting what, without it would have been a quitclaim deed into a conveyance of the land. So in this case the clause under consideration cannot be overlooked. It must be given effect because, in language strikingly similar to that in the deed in Cook v. Smith, it plainly discloses the lessor's intention to lease not only the land described by metes and bounds, but also any other adjoining property owned or claimed by the lessor in the same or in adjoining surveys, and because by the use of its ampler phrase it manifests a purpose to enlarge the preceding terms of description.

Chief Justice Fisher, in Lauchheimer v. Saunders, 27 Texas Civ. App., 484, 65 S. W., 500, 501, thus stated the decision of one of the questions presented:

"The deed of trust in favor of intervenor and the deed subsequently executed to him describe certain parcels and tracts of land conveyed by those two instruments, *and have a general clause to the effect that it was the intention of Saunders to convey all of his real estate in Coryell County, whether described or not, except his homestead.* There is nothing upon the face of the deed of trust and the deed executed in pursuance thereof to indicate any inconsistency between this general description and the descriptive matter identifying the particular tracts described and mentioned in the instruments. The evident purpose of the grantor was to convey the property spe-

cially described, as well as all other that he might at that time have owned, situated in Coryell County. The special mention and description of particular tracts or parcels of land given in the instruments could not be construed as a restriction and limitation upon the other intention of the grantor, as is indicated by the general granting clause, conveying all other lands that were not described. There is no repugnancy between the two matters of description; but, upon the contrary, they can be reconciled upon the theory in accord with the grantor's evident intention to convey the particular tracts mentioned, and also all other lands. If such was not his intention, this general clause would have served no purpose in the conveyance; and we know of no rule of law that would destroy the effect of this clause, and thus defeat the purpose of the grantor, because he has seen fit to give a more definite and particular description to other parcels of land mentioned in the instruments." (Our italics).

The same court, in a later appeal of the case, (86 S. W., 57, 61) reaffirmed its former decision of this question in an opinion by Associate Justice Eidson, who, in setting out in his opinion the portion of Judge Fisher's opinion above quoted, stated that it met with his entire approval and that its clear and forcible language demonstrated completely the correctness of the conclusion reached. The Supreme Court to which Lauchheimer's case was twice taken did not pass directly upon this question. However, we approve the decision of the Court of Civil Appeals and the reasons supporting it as set out in the foregoing quotation, and we give to the intention clause here under consideration the same construction and effect that were given to the similar clauses in the instruments construed in that decision.

Defendants in error invoke the rule that a particular description which is clear and distinct will control or override general words of description added thereto. This is but a rule of construction and, like all other such rules, it is not to be used when the grantor's true intention clearly and unmistakably appears, as in our opinion it does in this case, from the language of the entire instrument. Benskin v. Barksdale (Com. App.), 246 S. W., 360; Southern Travelers Ass'n. v. Wright (Com. App.), 34 S. W. (2d) 822; Devlin on Deeds, (3d Ed) Vol. 2, Sec. 840, p. 1525, Sec. 1039, p. 2017; 18 C. J., Sec. 244, p. 278, Sec. 254, p. 284.

3 A general description will prevail over a particular description when it is apparent from the instrument that the

parties intended that the general should control. McKinney v. Raydure, 181 Ky., 163, 203 S. W., 1084, 1087; Sutton etc. Mfg. Mill & Min. Co. v. McCullogh, 64 Colo., 415, 174 Pac., 302.

The authorities relied upon by defendants in error show that the rule of construction invoked is not given the broad application and effect that they seek to give it. In Cullers v. Platt, 81 Texas, 258, 16 S. W., 1003, two tracts out of the Tyson survey were described in the deed by metes and bounds, there being no ambiguity or uncertainty in the description. This was followed by the phrase "being all of the Tyson survey except 140 acres belonging to the Montgomery estate." Because, as was subsequently developed, the Tyson survey overran in quantity, there was other land in the survey than the two tracts described by metes and bounds and the Montgomery 140 acre tract. It was held that the particular description controlled, and that the deed did not include such other land. In so holding, the court said:

"The rule is that where there is a repugnance between a general and a particular description in a deed the latter will control (2 Dev. on Deeds, sec. 1039), although whenever it is possible the real intent must be gathered from the whole description, including the general as well as the particular. Where a grantor conveys specifically by metes and bound, so there can be no controversy about what land is included and really conveyed, a general description as of all of a certain tract conveyed to him by another person, or, as in this case, all of a survey except a tract belonging to another person, can not control, for there is a specific and particular description about which there can be no mistake and no necessity for invoking the aid of the general description. * * *

"A general description may be looked to in aid of a particular description that is defective or doubtful, but not to control or override a particular description about which there can be no doubt."

It is apparent that the added phrase "being all of the Tyson survey except 140 acres belonging to the Montgomery estate" was not intended to enlarge the terms of the description, but was inserted merely in further description of what had already been particularly described. It is also apparent that there was a repugnance between the description by metes and bounds and the general description, since the two tracts particularly described were not in fact all of the Tyson survey except the Montgomery tract, as the general description stated. The court permitted the particular description to control, because

the general description, being not intended to enlarge the grant, but being rather merely additionally descriptive, ought not to prevail over, and need not be invoked to aid, a clearly correct particular description to which it was repugnant.

In McAnally v. Texas Company, 124 Texas, 196, 76 S. W. (2d) 997, also relied upon by defendants in error, a deed stated that the land conveyed was a tract "out of the north end of Section 7" and then that the tract contained 247.5 acres and "is described by metes and bounds as follows." There followed a complete and correct description by metes and bounds. The general description was of itself vague and it was rendered still more uncertain by the existence of doubt as to the true location of the north line of Section 7. The general description and the particular description were repugnant when they were applied to the ground. There was nothing in the deed to indicate that the words of the general description were intended to have an enlarging effect. It was held that the particular description controlled.

4 The rule is generally stated by the authorities to be that when there is a repugnance between a particular description and a general description, the former will ordinarily control. Sanger Bros. v. Roberts, 92 Texas, 312, 48 S. W., 1; Tucker v. Angelina County Lumber Co. (Com. App.), 216 S. W., 149; McFaddin v. Johnson, 180 S. W., 306; Hatcher v. Stipe, 45 S. W., 329; Devlin on Deeds (3d Ed.), vol. 2, sec. 1039, p. 2016; note 72 A. L. R., p. 410, and following.

There is no occasion to determine which shall prevail, the particular or the general description, unless there is a conflict or repugnance. And of course there is no conflict or repugnance between the general and the particular description if the deed or lease clearly shows, as does the lease here, the intention of the grantor or lessor to grant or lease not only the land particularly described, but also other land coming within the terms of the general description.

Texas Jurisprudence contains the following concise and correct summary of the decisions in this state:

"A particular description does not override a more general description of the land conveyed where it is manifest that the property covered by the words of particular description is not the whole of the property conveyed, and that the words of general description are intended to have an enlarging effect. But where a general and a particular description obviously are intended to refer to the same land, and the two cannot be rec-

onciled, the particular description is preferred to the more general one. The rule *then* is that:

" 'A general description may be looked to in aid of a particular description that is defective or doubtful, but not to control or override a particular description about which there can be no doubt.' " (Our italics) 14 Tex. Juris., sec. 247, p. 1040.

The rule stated in the first sentence of the quotation is applicable to the lease executed by defendants in error, because it is manifest from the lease that the property particularly described is not the whole of the property conveyed and that the words of the general description are intended to have an enlarging effect. The rule stated in the latter part of the quotation does not apply to the lease, because the general description and the particular description are not intended to refer to the same land and because the two can be reconciled.

In our opinion, the lease is correctly construed to include the tract of land in controversy. The judgments of the trial court and the Court of Civil Appeals are reversed and judgment is here rendered in favor of plaintiff in error that defendants in error take nothing.

Opinion adopted by Supreme Court June 5, 1935.

Rehearing overruled July 10, 1935.