## ALEXANDER et al. v. BYRD et al.

### No. 3612.

Court of Civil Appeals of Texas. El Paso.

Feb. 10, 1938.

Rehearing Denied March 10, 1938.

Angus G. Wynne, Henry Harbour, Wm. A. Wade, Phillip Brin, Lee & Porter, W. Edward Lee, and Wynne & Wynne, all of Longview, for appellants.

R. F. Carter, John E. Green, Jr., and Joe S. Brown, all of Houston, Marion S. Church, W. F. Bane, and Margaret Clark, all of Dallas, and Hurst, Leak & Burke, of Longview, for appellees

NEALON, Chief Justice.

H. C. Alexander and several other persons brought suit against D. H. Byrd and a number of defendants, including Gulf Production Company, to recover 6.2 acres of land in Gregg county. The suit was in the usual form of trespass to try title, with an added count by which plaintiffs claimed under the 10-year statute of limitation. The pleadings of the defendants were in substance a general denial and plea of not guilty. A mooted point in the controversy was whether the surveyor who ran the south line of what was known as the Alexander farm in 1900 located the southwest corner thereof at the mouth of Mill Branch or at a point 100 varas north thereof, the plaintiffs claiming the latter to be the correct point, and the defendants asserting the former to be the correct point. The tract of land involved is a triangular strip with an irregular south line, and is in what is known as the Mary Van Winkle survey in Gregg county, and adjoins on the south the line that plaintiffs claimed to be the correct one.

The court submitted three special issues to the jury, in answer to which the jury found that the plaintiffs had held adverse

possession of this strip for more than 10 years prior to the institution of suit, and that the surveyor who ran the south line of the Alexander farm in 1900 located the southwest corner thereof on Rabbit creek at a point 100 varas from the mouth of Mill branch.

In 1930 and 1931 oil leases were executed by all of plaintiffs conveying two certain tracts of land in said survey, one of which was described as 100 acres of land, more or less. It was the southerly one of the two tracts. In the leases the land is described by course and distance, and various monuments are called for. Following the particular description in the lease is the following paragraph: "It is the intention of the lessor to include in this instrument all land owned by us, either by deed, inheritance, limitation or otherwise in said survey, surveys, adjoining surveys or in the neighborhood thereof, whether properly described herein or not."

All of the land herein referred to is in the Mary Van Winkle survey. The land was acquired by Harvey C. Alexander in 1900, at which time it was surveyed by John Choice, a surveyor. The theory of the appellants was that the surveyor Choice had run his line along the north line of the strip in controversy; that Harvey Alexander had placed his fence along the south line of the strip and through the intervening years had acquired title thereto by limitation; and that since his lease, under which appellees claim, contained the same field notes as had been used in the 1900 deed, it covered only the tract north of appellants' claimed line, leaving out the strip to which Alexander claimed title by limitation.

It was the theory of the defendants: (1) That the surveyor Choice had located his line at the point where Harvey Alexander shortly thereafter constructed his fence; (2) that, regardless of where the original line may have been surveyed in 1900, it had been located on the ground, marked by fences and hedge rows, and acquiesced in and recognized as the boundary between the Alexander and Bonner tracts for 35 years, and had therefore become the true line of the Alexander farm to which the field notes would carry, and (3) that any land outside the boundary described in the field notes in the leases executed by the Alexanders was covered by the additional general description annexed to the field notes.

In the lease referred to D. H. Byrd was lessee. His interest passed to Byrd-Frost, Inc., and Gulf Production Company asserts its claim under a contract existing between it and said Byrd-Frost, Inc.

The Gulf Production Company and Byrd-Frost, Inc. filed and urged a motion to render judgment in their favor non obstante veredicto. The court granted the motion and entered judgment accordingly that plaintiffs take nothing by their suit. From this judgment plaintiffs appeal.

## Opinion.

In its order sustaining defendants' motion for judgment, the court recited that it was of the opinion that the motion should be granted because of the language quoted in our preliminary statement of facts as expressive of the intention of the lessors. We think this view of the trial court was a correct one. It is the duty of the court to look to all parts of a deed to ascertain the intention of the grantor. No person could be presumed to know that intention better than the grantor himself. When he expresses it, his expression is construed most strongly in favor of the grantee. In the transaction under investigation lessors expressed it as their intention to include all land owned by them in said survey, adjoining surveys or in the neighborhood thereof, whether properly described in the conveyance or not. It is admitted that the land involved is in the same survey as the land that lessors described by particular description. The deed carries with it an intimation of doubt as to whether the particular description is correct, but, to make certain of what is to be conveyed, grants an estate in all land in the survey owned by lessors, and evidences a positive intention not to limit the conveyance to land included within the description contained in the deed originally received by H. C. Alexander. Otherwise it would have been senseless to include land to which title was perfected by limitation.

Extended discussion is unnecessary, since the Supreme Court, speaking through the Commission of Appeals, determined the very questions involved here, in the case of Sun Oil Company v. Burns, 125 Tex. 549, 84 S.W.2d 442, and especially did it do so by expressly approving the decision of the Court of Civil Appeals in Lauchheimer v. Saunders, 27 Tex.Civ.App. 484, 65 S.W. 500. The reasoning of the opinion is convincing, and its authority, of course, controlling.

The judgment of the district court is affirmed.