**Odessa Harris SHAW et vlr, Appellants,**

**v.**

**H. V. WILLIAMS et al., Appellees.**

**No. 3518.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 19, 1960.

Rehearing Denied March 18, 1960.

J. G. Harrell, Breckenridge, for appellants.

Robert E. Bowers, Breckenridge, Ray Stevens, Houston, for appellees.

WALTER, Justice.

Odessa Harris Shaw and her husband, Tommy J. Shaw, filed suit against H. V. Williams, Loyd Williams, Mrs. W. F. Williams, Truman Williams, Mrs. Evelyn Atwood, Mrs. L. Powell and husband, Lloyd Powell, Mrs. Ray Stevens and husband, Ray Stevens, Mrs. L. D. Head, Miss Alma Williams and Archie Ray Langford for title and possession to four tracts of land in Stephens County, Texas. In a non-jury trial the plaintiffs were awarded title and possession to tracts numbers 1, 2a, 2b. Tract number 3 was awarded to the defendants, burdened with an easement in favor of the plaintiffs. Plaintiffs have appealed contending the court erred (1) in finding that the defendants were the owners of the fee simple title to tract number 3 burdened with the easement and (2) in awarding them only an easement in tract number 3 because they owned a determinable fee simple title to the surface to tract number 3. The defendants have appealed from such judgment contending the court erred in holding that the plaintiffs have an easement in tract number 3.

The points asserted by the parties are to be determined by a construction of one deed from Lillie May Head to Jake L. Hamon, dated June 5, 1920, and another deed from W. F. Williams et al. to Jake L. Hamon, dated February 1, 1920, herein-

after referred to as the Hamon deeds. The two Hamon deeds are exactly alike except for the names of the grantors and the dates. The interest which Hamon acquired by said deeds was transferred to Wichita Falls, Ranger and Ft. Worth Railroad Company. Wichita Falls, Ranger and Ft. Worth Railroad Company transferred said property to Wichita Falls and Southern Railroad Company. Appellants acquired their interest to said tract by quitclaim deed dated July 29, 1955, from Wichita Falls and Southern Railroad Company, said quitclaim deed to appellants expressly provides that tract number 3 is subject to limitations, terms and conditions set forth in the Hamon deeds. The material portions of the Hamon deeds which we are called upon to construe are as follows:

"* * * have granted, conveyed and let, and by these presents do grant, convey and let unto the said Jake L. Hamon and assigns, for the sole and only purpose of constructing and building a reservoir, or surface tank, for the storing of water and the taking therefrom, together with the privilege of installing and erecting the necessary pump or pumps, together with necessary building and equipment, all that certain parcel of land situated in the County of Stephens and the State of Texas adjoining the railroad right of way, the interest hereby conveyed being * * *" (Description.)

"Together with such other land as is necessary for the building and construction of a necessary spillway for said tank and reservoir to care for the regular overflow.

"To Have and To Hold said property for the purpose of storing water, and taking therefrom as long as same is used for said purpose, and when the said Jake L. Hamon, or his assigns, cease to use said premises for said purpose, the same, together with all the tanks and reservoirs thereon,

shall revert back to and be the property of grantors herein. And we do hereby warrant and forever defend, all and singular the said premises unto the said Jake L. Hamon, and his assigns for said purpose, and no other. it being understood and agreed that by the acceptance of this instrument the grantors, their heirs, assigns and lessees, hereby reserve, and are hereby given, the right to enter said premises for the purpose of mining and operating for oil and gas and laying pipelines necessary to save and take care of any gas and oil that may be found on said premises, and the granting of the privileges herein shall not be construed in any manner to affect or retard the development and use of said premises for oil and gas purposes by the grantors, their heirs or lessees. The grantors also reserve the right and privilege of taking from said tank or reservoir any and all water that is necessary to be used upon said premises for domestic purposes by said grantors or their tenant."

■ Appellants contend the Hamon deeds convey a determinable fee simple estate in tract number 3. The appellees contend and the trial court held that the Hamon deeds only conveyed an easement. Our Supreme Court in Harris v. Windsor, 294 S.W.2d 798, 800, has announced the rule we are to follow in construing these Hamon deeds, namely, "We have long since relaxed the strictness of the ancient rules for the construction of deeds, and have established the rule for the construction of deeds, as for the construction of all contracts,—that the intention of the parties, when it can be ascertained from a consideration of all parts of the instrument, will be given effect when possible. That intention, when ascertained, prevails over arbitrary rules. Benskin v. Barksdale, Tex. Com.App., 246 S.W. 360; Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442." In the case of West Texas Utilities Co. v. Lee, Tex.Civ.App., 26 S.W.2d 457, the

court held an instrument to convey only an easement in which the granting clause read as follows: "Have bargained, sold and conveyed and by these presents do bargain, sell and convey unto the County of Tom Green and State of Texas for road and watering purposes, all of the following described tracts." and the habendum clause read as follows: "To have and to hold all and singular the above described premises with all the rights and privileges and appurtenances thereto belonging unto the said County of Tom Green for the use only of the public as a public road and watering place."

■ From a consideration of all parts of the Hamon deeds, we conclude the intention of the parties was to create an easement and not a determinable fee simple title in the surface to tract number 3. West Texas Utilities Co. v. Lee, Tex.Civ. App., 26 S.W.2d 457.

■ Appellees' cross point must be sustained because the evidence establishes conclusively that Hamon's assignee, Wichita Falls and Southern Railroad Company, abandoned the reservoir and stopped taking water from same before appellants purchased said property. Walter E. McBay testified that he has been a section foreman for the Wichita Falls and Southern Railroad Company for a number of years and was familiar with the reservoir called the William's reservoir that is located on the property described as tract number 3; that he pumped water from this lake for about sixteen years; that said water was used by the railroads in their steam locomotives; that the railroad continued using the water from the lake until the railroad started using diesels; that the railroad was abandoned in August, 1954, and the rails and the crossties were taken up when the

railroad was abandoned; that an electric pump had been installed for the purpose of pumping water from said reservoir and when the railroad was abandoned, the electric pump was given to him and it was taken from the property and the storage tank was taken away because he said, they "didn't need them any more" and when asked "Then as far as the use of water in the lake was concerned, it was entirely abandoned as to using any water out of it in 1953?" and he answered "Yes, sir. We haven't used it any more from 1953 plumb up to now.—Well, you see we started using diesels in 1953 and the road was abandoned in July, 1954, and it was about a year before that that we quit pumping water."

■ "An easement granted for a particular purpose terminates as soon as such purpose ceases to exist, is abandoned, or is rendered impossible of accomplishment." 28 C.J.S. Easements § 54, p. 718.

When Hamon's assign, namely, Wichita Falls and Southern Railroad Company, ceased using the reservoir for the particular purposes expressed, the reason for same ceased and the easement terminated.

We have carefully examined all of appellants' points and find no merit in them and they are overruled. Appellees' cross point is sustained. The judgment of the trial court is affirmed insofar as it holds that tract number 3 was owned in fee simple by the appellees. The judgment of the trial court insofar as it finds an easement in tract number 3 in favor of appellants is reversed and here rendered that the appellants take nothing in said tract number 3.

Judgment affirmed in part and reversed and rendered in part.