**B.H. JONES, Appellant,**

v.

**Jack COLLE, Appellee.**

**No. C14–85–177–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 27, 1986.

Rehearing Denied April 24, 1986.

Ronald G. Byrnes, Houston, for appellant.

H.F. Halcom, Columbus, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

OPINION

JUNELL, Justice.

This case involves the construction of the terms of an oil and gas lease. Appellee

Jack Colle contends the lease covers Winnifred Curry's undivided 49.54 mineral acres out of two adjoining tracts of land containing a total of 118.06 acres (one tract containing 68.72 acres and the other containing 49.34 acres). Appellant B.H. Jones contends the lease covers only Curry's undivided 28.84 mineral acres out of the 68.72 acre tract. The trial court granted a summary judgment in favor of Colle. In two points of error the appellant contends the trial court erred in granting the summary judgment.

Appellant asserts that Colle's lease covers only the mineral acres owned by Curry under the 68.72 acre tract specifically described in the lease and that the "Mother Hubbard" clause cannot be used to convey Curry's undivided 20.70 mineral interest in the adjoining 49.34 acres not specifically described in the lease. We disagree with appellant and affirm the summary judgment.

The lease in question contained the following provisions:

> The land covered hereby, herein called 'said land', is located in the County of Colorado, State of Texas, and is described as follows:
>
> An undivided 49.54 mineral acres out of 68.72 mineral acres in the I. & G.N.R.R. Co. Survey, No. 7, Abstract 301, in Colorado County, Texas, as retained in a deed from Winifred E. Curry, et al, to Wm. K. Lehrer, dated January 3, 1949, and recorded in Volume 141 Page 511, Colorado County Deed Records, to which reference is here made for all purposes.
>
> This lease also covers and includes, in addition to the above described, all land, if any contiguous or adjacent to or adjoining the land above described and (a) owned or claimed by lessor * * *.

By the January 3, 1949 deed Winnifred E. Curry and G.H. Miller conveyed to William K. Lehrer the 68.72 acre tract of land, described by metes and bounds. There was specifically saved and excepted from the conveyance all oil, gas and minerals under the 68.72 acre tract.

It is undisputed that Winnifred Curry owned a total undivided 49.54 mineral acres out of the two tracts of land containing a total of 118.06 acres. This mineral interest had been set aside to her in 1936 in a partition suit judgment.

Appellant asserts that the specific description in the granting clause controls the general language in the Mother Hubbard clause. Unless there is a conflict or repugnance between a general and a specific description, there is no need to determine which shall prevail. No conflict between a general and a particular description exists if the deed or lease clearly shows the grantor's intention to grant a lease not only on the land particularly described, but also on other land coming within the terms of the general description. Sun Oil Co. v. Burns, 125 Tex. 549, 84 S.W.2d 442, 447 (1935).

In Burns, the tract described by metes and bounds in an oil and gas lease, although recited to contain 100 acres, actually contained 106.25 acres. Immediately south of the 106.25 acre tract lay a 3.736 acre tract which the lessors owned at the time the lease was executed. Immediately following the metes and bounds description in the lease came the Mother Hubbard clause which stated the lessor's intention to include within the terms of the lease "not only the above described land, but also any and all other land owned or claimed by lessor in said survey or surveys in which the above described land is situated or in adjoining surveys and adjoining the above described land."

In determining whether the lease covered the 3.736 acre tract the Burns court looked at the intent of the parties as expressed in the whole of the lease instrument. The court held no conflict existed between the specific metes and bounds description and the general language of the Mother Hubbard clause because the language of the Mother Hubbard clause clearly and unmistakably expressed the intent of the grantors to include within the lease not only the land particularly described, but also any other land owned or claimed by the lessor

in the same or adjoining surveys. *Burns, supra* at 444.

■ The Mother Hubbard clause in Colle's lease covered all land contiguous with, adjacent to, or adjoining the land described in the lease and owned or claimed by the lessor. The plain, unambiguous language of the Mother Hubbard clause expresses the lessor's intent to lease not only that land specifically described but also all other land owned or claimed by Curry in the immediate vicinity. As in *Burns*, the intention of the parties is clearly set out. No conflict or repugnance exists between the specific description of the granting clause and the general language of the Mother Hubbard clause; so there is no need to apply the rule of construction that in construing a deed or lease the specific provisions control general provisions.

The purpose in construing a deed is to ascertain the intention of the parties. *Smith v. Allison,* 157 Tex. 220, 301 S.W.2d 608, 616 (1957). The intention of the parties to lease all 49.54 mineral acres owned by Curry is clearly set forth in the lease's unambiguous language. The lease stated that it covered an undivided 49.54 mineral acres which was the whole of Curry's mineral interest in the two tracts (the 68.72 acre tract conveyed to Lehrer plus the adjoining 49.34 acre tract). This quantitative recitation, coupled with the Mother Hubbard clause, makes the intent of the parties in this case even clearer than in the *Burns* case. To interpret the lease as covering only Curry's 28.84 mineral acres in the 68.72 acres specifically described in the granting clause would be a perversion of the plain meaning of the simple and expressive language of the instrument. *Burns, supra* at 444. We find the intent of the parties to lease all Curry's 49.54 mineral acres to be clear from the language of the lease.

Appellant further contends that the Mother Hubbard clause cannot be used to cover any but small tracts of land left unleased due to inaccurate surveys or mistake. Appellant relies on the language in *Smith v. Allison, supra,* in which the su-

preme court stated the purpose of the Mother Hubbard clause is:

> "to prevent the leaving of small unleased pieces or strips of land ... which may exist without the knowledge of one or both of the parties by reason of incorrect surveying, careless location of fences, or other mistakes." *Smith, supra* at 615 (quoting *Sun Oil Co. v. Bennett,* 125 Tex. 540, 84 S.W.2d 447 (1935).

■ The language of *Smith* does not *limit* the use of the Mother Hubbard to only the stated purpose. The *Smith* court held that in construing a deed the intention of the parties must be ascertained. *Smith, supra* at 616. In this case the intent of the parties, as ascertained from the clear language of the lease, was to lease all 49.54 mineral acres owned by Curry. Nothing in the language of the *Smith* opinion prevents parties from agreeing to use the Mother Hubbard clause to bring more than small pieces or strips of land within the scope of a lease or deed. We find there is no legal impediment to the parties using the Mother Hubbard clause to enlarge the scope of the lease to cover all mineral acres owned by Curry contiguous with, adjacent to, or adjoining the specifically described land. We overrule both of appellant's points of error. The summary judgment is affirmed.