B.H. JONES, Petitioner,

v.

Jack COLLE, Respondent.

No. C–5385.

Supreme Court of Texas.

March 25, 1987.

Rehearing Denied April 29, 1987.

Janet A. Nussbaum and Ronald G. Byrnes (Byrnes & Martin), Houston, for petitioner.

H.F. Halcom, Columbus, for respondent.

WALLACE, Justice.

This is an appeal of a summary judgment in a suit to construe an oil and gas lease. Each party filed a motion for summary judgment. The court of appeals affirmed the summary judgment in favor of Jack Colle. 709 S.W.2d 8. We reverse the judgment of the court of appeals and render judgment for B.H. Jones.

Winifred Curry owned a portion of the minerals under two adjoining tracts of land. One tract contained 68.72 acres and Curry owned 28.84 mineral acres under that tract. The adjoining tract contained 49.34 acres and Curry owned 20.7 mineral acres under that tract. Curry thus owned a total of 49.54 mineral acres under the two tracts.

By deed dated January 3, 1949, Curry deeded to William K. Lehrer the surface only of the 68.72 acre tract. On November 3, 1978, Colle obtained from the District Court of Colorado County, Texas, an Order granting a Receivership Lease to Curry's mineral interest described as follows:

> An undivided 49.54 mineral acres out of 68.72 mineral acres in the I. & G.N.R.R. Company Survey No. 7, Abstract 301, in Colorado County, Texas, as retained in a Deed from Winifred E. Curry, et al to Wm. K. Lehrer, dated January 3, 1949 and recorded in Volume 141, Page 511, Colorado County Deed Records to which references here are made for all purposes.

The lease also contained what is commonly known as a Mother Hubbard clause which recited as follows:

> This lease also covers and includes, in addition to that above described, all land, if any, contiguous or adjacent to or adjoining the land above described and (a)

owned or claimed by lessor by limitation, prescription, possession, reversion or unrecorded instrument or (b) as to which lessor has a preference right of acquisition.

The record reveals that Colle was aware of the existence of both the 68.72 acre tract and the 49.34 acre adjoining tract. The Receivership Lease was prepared by Colle and contained no reference to the 49.34 acre adjoining tract.

On February 11, 1982, Curry executed a mineral and royalty deed to Jones of her interest in both the 68.72 acre and the 49.34 acre tracts. Jones then intervened in the receivership action brought by Colle in Colorado County.

Colle contends that the Mother Hubbard clause of the Receivership Lease set out above transferred to him the mineral interest owned by Curry in both tracts. Jones points out that the additional acreage not described in the Receivership Lease equals 73% of the acreage actually described in the lease and thus does not come within the purview of the Mother Hubbard clause, citing *Smith v. Allison*, 157 Tex. 220, 301 S.W.2d 608 (1957) in which we held in pertinent part:

> Its [the general or Mother Hubbard clause] apparent reasonable purpose is to prevent the leaving of small unleased pieces or strips of land, like the tract here in controversy, which may exist without the knowledge of one or both of the parties by reason of incorrect surveying, careless location of fences, or other mistake.

> .     .     .     .     .

We have found no other case in which this Court has applied any other rule or has construed such a clause to convey large bodies of land in addition to that specifically described and surely not so where the clause was held to convey considerably more land than that specifically described. *Sun Oil Co. v. Bennett*, [125 Tex. 540] 84 S.W.2d 447 (Tex.1935).

■ Colle contends, and the court of appeals held, that *Smith* did not hold that a Mother Hubbard clause could not cover property other than a small unleased piece or strip of land which may exist without the knowledge of one or both of the parties. Colle further argues that the intent of the parties is the controlling factor in determining what property is covered by the Mother Hubbard clause. Based upon this premise he contends that the reference to 49.54 mineral acres evidences a clear intent of the parties to the Receivership Lease to include Curry's entire mineral interest in both tracts. We hold that whether such clear intention is shown is not controlling in this case. This theory was fully advanced by dissenting opinions in *Smith*. After considering this theory, the court held that a Mother Hubbard clause would only serve to cover property not described in the deed when that other property consists of small unleased pieces or strips of land which may exist without the knowledge of one or both of the parties. We hold that is a correct statement of the law which controls the situation in this case. Our holding in *Smith* precludes Colle from using the Mother Hubbard clause to secure title to the minerals in the 49.34 acre adjoining tract, the existence of which was known to both parties at the time the lease was executed.

The judgment of the court of appeals is reversed and judgment is rendered in favor of B.H. Jones.