**Mary GREER, Appellant,**

v.

**J. HIRAM MOORE, LTD., Appellee.**

No. 13–00–574–CV.

Court of Appeals of Texas,
Corpus Christi.

March 21, 2002.

Rehearing Overruled April 18, 2002.

Randy M. Clapp, Duckett, Bouligny & Collins, El Campo, for Appellant.

John A. Davis, Turner & Davis, Midland, for Appellee.

Before Justices DORSEY, YAÑEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice DORSEY.

This is an appeal from a summary judgment granted to J. Hiram Moore, Ltd. (Moore) based on the construction of a royalty deed from Mary Greer, appellant, to Moore's predecessor in title. The issue is the effect of a clause in that royalty deed and whether it conveyed royalty in a tract not included in the specific description of the deed. We hold it does not, and reverse and remand.

Mary Greer and her three sisters each received a twenty-acre tract of land from their mother out of the mother's eightya-

cre tract from the I. & G.N.R.R. Co. Survey No. 6 in Wharton County, Texas. Each received the entire surface in their particular tract, and a one-fourth non-participating royalty interest (NPRI) in all the tracts. Each had the right to execute oil, gas, and mineral leases on her individual parcel of land, as well as the right to the bonus and rentals coming from her respective tract. Therefore, each sister would share in royalty from production no matter on whose parcel a well was located.

Greer received Tract 3, and owned, prior to the conveyance at issue here, the surface estate, one-hundred percent of the executive rights, bonus and delay rentals, and one-fourth of the minerals in that tract. Each of her sisters owned a one-fourth NPRI in Tract 3. Likewise, Greer owned a one-fourth NPRI in her sisters' tracts.

Greer's two sisters owning Tracts 1 and 2 entered into mineral leases for their land. Their tracts were pooled and combined with other lands to comprise a pooled unit designated as the SixS Frels Gas Unit. That unit included land in the W.M. Barnard Survey No. 14 as well as the I. & G.N.R.R. Co. Survey No. 6. However, neither the gas unit nor the underlying leases included any of Greer's Tract 3 or her interest in Tract 4. Greer had a royalty interest in tracts 1 and 2 that were leased and put into the SixS Frels Gas Unit.

In May, 1997, Greer executed an oil, gas and mineral lease to J. Charles Hollimon, Inc., covering her Tract 3, and in September 1997, signed and delivered a royalty deed to Steger Energy Corporation, which was subsequently assigned to Moore, the appellee. What lands and interests of Greer were covered by that royalty deed to Steger is the subject of this lawsuit.

A well was later drilled on Greer's Tract 3, the Greer # 1, and the land was pooled with other tracts to create the Greer # 1 Gas Unit. Both Moore and Greer have made competing claims to production from the Greer # 1 well.

The royalty deed to Steger at issue describes the land conveyed as follows:

All of that tract of land out of the AB 801 SEC 14/W M BARNARD # 14 SURVEY, Wharton County, Texas, known as the MEDALLION OIL–SIXS FRELS UNIT.

Grantor agrees to execute any supplemental instrument requested by Grantee for a more complete or accurate description of said land. Reference is made to this unit(s) for descriptive purposes only and shall not limit this conveyance to any particular depths or wellbores. *In addition to the above described lands, it is the intent of this instrument to convey, and this conveyance does so include, all of grantor's royalty and overriding royalty interest in all oil, gas and other minerals in the above named county or counties, whether actually or properly described herein or not, and all of said lands are covered and included herein as fully, in all respects, as if the same had been actually and properly described herein.*

(Italics added).

Appellee Moore filed a motion for summary judgment contending that the language italicized above conveyed all of Greer's royalty from any land in Wharton County, including her Tract No. 3 and the Greer No. 1 Well and Greer Gas Unit No. 1. The trial court granted the motion. Although appellant Greer filed a response to the motion for summary judgment, she did not file a motion for summary judgment seeking a declaration as a matter of law that the royalty conveyance did not, as a matter of law, convey her royalty interest in Tract 3.

Moore cites several cases to support his argument that Texas courts have upheld deeds which describe the property conveyed as "all lands owned by grantor" within a specified geographic area such as a survey, town, county, or several states.

In *Pickett v. Bishop*, 148 Tex. 207, 223 S.W.2d 222 (1949) the court addressed the sufficiency of the description of land contained in a memorandum signed by the owner, authorizing Pickett to sell the land. The memorandum described the land as "my property described on the opposite side hereof," and on the reverse side of the memorandum appeared, "20.709 acres out of the John Stevens 640 acre survey in Tarrant County, Texas." Looking at both the words "my property" and the land description on the reverse side of the memorandum, the supreme court stated:

> The settled rule in this state is that such a description, by reason of the use in the memorandum or contract of such words as 'my property', 'my land', or 'owned by me', is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum *owns a tract and only one tract of land answering the description in the memorandum.*

*Id.* at 223 (citations omitted, emphasis added). The supreme court held the description sufficient, stating:

> The stated ownership of the property is in itself a matter of description which leads to the certain identification of the property and brings the description within the terms of the rule that 'the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty.'

*Id.* at 224 (citation omitted).

In *Holloway's Unknown Heirs v. Whatley*, 133 Tex. 608, 131 S.W.2d 89 (Comm'n App.1939, opinion adopted), a deed purporting to convey three tracts particularly described therein and providing that "If there is any other land owned by me in Liberty County, Texas, or any land, the title to which stands in my name, it is hereby conveyed, the intention of this instrument being to convey all land owned by me in said County," was held to convey a mineral interest previously reserved by the grantor in three other tracts of land. The court based its holding on the rule stating:

> That in the construction of written instruments the cardinal rule to be followed is to arrive at the intention of the parties and that all parts of a deed shall be given effect if possible, and where there is a particular description followed by general description the latter shall yield, though where it is possible the real intent must be gathered from the whole description, including the general, as well as the special.

*Id.* at 92.

In *Sanderson v. Sanderson*, 130 Tex. 264, 109 S.W.2d 744 (Comm'n App.1937, opinion adopted), the description was "the town house and all lots 'now owned by Mrs. Kelton located in Knox City' and described land in Haskell County as Mrs. Kelton's farm in Haskell County." The court said that the description of the lots as all lots now owned by Mrs. Kelton in Knox City is sufficient, "for it leads to the certain identification of the property." *Id.* at 747. Concerning the farm the court said that if the evidence showed that only one farm was owned by Mrs. Kelton in Haskell County the description was sufficient. *Id.*

And in *Smith v. Westall*, 76 Tex. 509, 13 S.W. 540 (1890), the property conveyed was:

all that certain tract or tracts, parcel or parcels, of land by me inherited, by, through, or from my deceased parents, Henson G. Westall, my father, and Harriet Westall, my mother, situated in the county of Brazoria or state of Texas, and all right that I now have, have had, or may have to any estate or property that is or might be due me, whether real, personal, or state.

*Id.* at 540. An explanatory clause followed which stated: "This conveyance is meant to convey and carry with it every possible interest that I now have or may have to any property in this county, or any other county in the state of Texas." The court said that: "The description in the deed was sufficient, and it passed all lands in the state vested by inheritance in Westall at its date." *Id.*

 The rules established in these cases do not support Moore's contention that Greer conveyed all of her property. In each of these cases the intention of the conveying party was ascertainable to a reasonable level of certainty from the language contained in the deeds. However, Texas law has always held that this "cover-all" "Mother Hubbard" language in a deed will not effectuate a transfer clearly not intended or contemplated by the grantor.

We believe that *Jones v. Colle,* 727 S.W.2d 262 (Tex.1987), which involved the construction of an oil and gas lease, controls the disposition of this case. In *Jones* the grantor, Curry, owned 49.54 mineral acres in two adjoining tracts. He conveyed the surface only of one of the tracts. Later, Colle obtained a receivership lease to Curry's mineral interest. The deed had a Mother Hubbard clause that said it included all adjacent lands as well. The clause in the lease stated:

This lease also covers and includes, in addition to that above described, all land, if any, contiguous or adjacent to or adjoining the land above described and (a) owned or claimed by lessor by limitation, prescription, possession, reversion or unrecorded instrument or (b) as to which lessor has a preference right of acquisition.

*Id.* at 262–63.

After Colle obtained the lease, Curry executed a mineral and royalty deed to Jones of her interest in both tracts. Jones then intervened in the receivership action brought by Colle. The supreme court held that this clause did not operate to convey the grantor's mineral interest in adjacent land, saying:

Colle contends that the Mother Hubbard clause of the Receivership Lease set out above transferred to him the mineral interest owned by Curry in both tracts. Jones points out that the additional acreage not described in the Receivership Lease equals 73% of the acreage actually described in the lease and thus does not come within the purview of the Mother Hubbard clause, citing *Smith v. Allison,* 157 Tex. 220, 301 S.W.2d 608 (1957) in which we held in pertinent part: Its [the general or Mother Hubbard clause] apparent reasonable purpose is to prevent the leaving of small unleased pieces or strips of land, like the tract here in controversy, which may exist without the knowledge of one or both of the parties by reason of incorrect surveying, careless location of fences, or other mistake.

\* \* \*

We have found no other case in which this Court has applied any other rule or has construed such a clause to convey large bodies of land in addition to that specifically described and surely not so where the clause was held to convey considerably more land than that specifi-

1

cally described. *Sun Oil Co. v. Bennett*, [125 Tex. 540] 84 S.W.2d 447 (1935). *Id.* at 263.

Colle also argued that (1) *Smith* did not hold that a Mother Hubbard clause could not cover property other than a small unleased piece or strip of land which may exist without the knowledge of one or both of the parties, and (2) that the intent of the parties is the controlling factor in determining what property is covered by the Mother Hubbard clause. Based upon this premise he contends that reference to the 49.54 mineral acres evidences a clear intent of the parties to the Receivership Lease to include Curry's entire mineral interest in both tracts. The supreme court held that:

> [W]hether such clear intention is shown is not controlling in this case. This theory was fully advanced by dissenting opinions in *Smith*. After considering this theory, the court held that a Mother Hubbard clause would only serve to cover property not described in the deed when that other property consists of small unleased pieces or strips of land which may exist without the knowledge of one or both of the parties. We hold that is a correct statement of the law which controls the situation in this case. Our holding in *Smith* precludes Colle from using the Mother Hubbard clause to secure title to the minerals in the 49.34 acre adjoining tract, the existence of which was known to both parties at the time the lease was executed.

*Id.* at 263.

■ Here the question is not whether the property was described specifically enough, but whether the "catch-all" language is sufficient to effect a conveyance of a significant property interest that Greer contends she had no intention of conveying by this deed. *Jones v. Colle* sets forth the longstanding rule in Texas that a clause, like the one at issue here, can only convey small interests that are clearly contemplated within the more particularly described conveyance, and they are not effective to convey a significant property interest not adequately described in the deed or clearly contemplated by the language of the conveyance. Because the interest in Tract 3 was a substantial one, we hold that the rule disallowing such "cover-all" clauses to effectively convey a substantial property interest is the controlling law in this case.

Moore argues that the clause in question is not a Mother Hubbard clause and distinguishes between a Mother Hubbard clause and a clause which conveys all the grantors property in a given grant, county, or state. *See Broaddus v. Grout*, 152 Tex. 398, 258 S.W.2d 308 (1953). However *Broaddus* is inapplicable; it involved a description that did not include a state, county, or survey.

### Bona Fide Purchaser

■ Alternatively, Moore argues that Greer cannot avoid the conveyance she made to Steger because Moore is a bona fide purchaser for value and is protected under the recording statute, section 13.001(a) of the Texas Property Code. This section states:

> A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged or proved and filed for record as required by law.

TEX. PROP.CODE ANN. § 13.001(a) (Vernon Supp.2001).

Moore's status as a bona fide purchaser and the recording statute are not applicable. We have construed a deed as a mat-

ter of law and have determined what Greer conveyed to Steger. We are not dealing with unrecorded interests, but rather the effect of the deed under which Moore claims his interest. The point of error is sustained.

We hold the trial court erred in granting summary judgment for J. Hiram Moore, Ltd. Accordingly we REVERSE the judgment of the court below and REMAND the case for further proceedings consistent with this opinion.