IN THE SUPREME COURT OF TEXAS
















IN THE SUPREME COURT OF TEXAS

 

════════════

No. 02-0455

════════════

 

J. Hiram Moore, Ltd., Petitioner,

 

v.

 

Mary Greer, Respondent

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Thirteenth District
of Texas

════════════════════════════════════════════════════

 

 

Argued
October 29, 2003

 

 

Chief Justice Jefferson delivered
the opinion of the Court, in which Justice
Hecht, Justice O’Neill, Justice Smith, Justice Wainwright, and Justice
Brister joined.

 

JUSTICE HECHT filed a concurring opinion.

 

Justice Owen filed
a dissenting opinion, in which JUSTICE MEDINA joined.

 

 

Mary Greer, her three sisters, and their widowed
mother partitioned an 80-acre tract into four 20-acre tracts, designated 1
through 4.  The land is all in the
I. & G. N. R.R. Survey No. 6, A-232 (“the Railroad
Survey”), in Wharton County.  Each sister received title to the surface and
minerals in one tract and one-fourth of a non-participating royalty interest in
each of the other three tracts.  Greer
received Tract 3.

In 1988, the two sisters who owned Tracts 1 and 2
leased their minerals to Larry K. Childers. 
The SixS Frels #1
Well was completed on an adjacent 106-acre tract in the Wm. Barnard Survey No.
14, A-801 (“the Barnard Survey”), and in 1991 that tract was pooled with Tracts
1 and 2 and four other tracts, at a specified horizon, to form the 350-acre SixS Frels Gas Unit.  The following schematic drawing depicts
Tracts 1-4 and the SixS Frels
Gas Unit:

 




 
 
  
 ø  
 Wm. Barnard Survey No. 14, A-801  
 ø
  
 9
 SixS Frels Gas Unit 9
 
 
 
 
  
  
  
  
 
 
  
  
   106-acre Frels tract
  
 
 
  
                         
  
 (
 9
 survey boundary 9 )
 
 
 
 
  
  
 
 
  
  
 
 
  
   20-acre
   Tract
 1
 
 
  
   20-acre
   Tract
 2
 
 
  
   20-acre
   Tract
 3
 
 
  
   20-acre
   Tract
 4
 
 
  
  
 
 
 
 
  
  
  
 4 tracts
 totaling 204 acres
  
 
 
  
  
 
 
 
 
  
  
 ø  
 I. & G. N. R.R. Survey No. 6, A-232   ø
 
 
 
 
 
 
 
 
 
 
 
 
 




 

After 1991, Greer was thus entitled to receive 1/4 of the royalty
for each of Tracts 1 and 2 from the SixS Frels #1 Well.  There
was no production C hence no
royalty due Greer C with
respect to Tracts 3 and 4.

In May 1997, Greer and her sister leased the
minerals in Tracts 3 and 4, respectively, to J. Charles Holliman, Inc.  The following September, Greer executed a
royalty deed to Steger Energy Corp.  At
the time, there was still no production with respect to Tracts 3 and 4, and
despite her lease to Holliman four months earlier, Greer was unaware of any
drilling activity planned for the future. 
Greer’s royalty deed to Steger consisted of nine numbered paragraphs in
small print on a single page.  The first
paragraph conveyed all mineral royalties C

 

that may be produced from the following described lands
situated in the County of Wharton, State of Texas, to wit:

 

All of that tract of land out of the AB 801 SEC 14/W M
BARNARD #14 SURVEY, Wharton
 County, Texas known as the MEDALLION OIL - SIXS
FRELS UNIT.  Grantor agrees to
execute any supplemental instrument requested by Grantee for a more complete or
accurate description of said land. 
Reference is made to this unit(s) for descriptive purposes only and
shall not limit this conveyance to any particular depths or wellbores.  In addition to the above described lands, it
is the intent of this instrument to convey, and this conveyance does so
include, all of grantors [sic] royalty and overriding royalty interest in all
oil, gas and other minerals in the above named county or counties, whether
actually or properly described herein or not, and all of said lands are covered
and included herein as fully, in all respects, as if the same had been actually
and properly described herein.

 

The first quoted sentence, a specific grant, describes land “known
as the . . . SIXS FRELS UNIT” in
the Barnard Survey.  As already noted,
the SixS Frels unit
comprised tracts in both the Barnard Survey and the adjacent Railroad Survey,
but Greer owned no interests in the Barnard Survey.  Greer’s only royalty interests in the SixS Frels unit were in Tracts 1
and 2, both of which were in the Railroad Survey.  But the fourth sentence, a general grant,
refers to all Greer’s interests in Wharton
 County, thus including not only her
royalty interests in Tracts 1 and 2 in the SixS Frels Unit, but her interests in Tracts 3 and 4 as well.

During September and October, Steger acquired
other royalty interests in Wharton County,
and in December it sold twenty-five such interests, including the one acquired
from Greer, to J. Hiram Moore, Ltd. for $360,000, which was market value.  At that time, there was no production from
Greer’s Tract 3, nor was it pooled with any producing property.

Two years later, in December 1998, Kaiser-Francis
Oil Co., successor to the working interest in Tract 3 that Greer conveyed to
Holliman, pooled about 313 acres, including Tracts 1-4, at a different horizon
than the SixS Frels Gas
Unit, for production from the Greer #1 Well which had been completed in Tract
3.  Moore
claimed all royalties with respect to the interests partitioned to Greer in
Tracts 1-4, and when Greer disputed the claim, Kaiser-Francis suspended
payments for those tracts.

Moore sued
Greer to determine their respective rights, and Greer counterclaimed for
declaratory relief as well as rescission and reformation based on mutual
mistake and fraud.  Moore
moved for summary judgment, contending that it had acquired all of Greer’s royalty
interests in Wharton County
by purchasing her royalty deed to Steger. 
Greer responded that she had intended to convey to Steger only her
interests in the SixS Frels
Unit in the Barnard Survey.  In her
supporting affidavit, she stated: “I did not intend to convey any other
property.  I specifically did not intend
to convey any of my interest in the I&GNRR Co.
Survey No. 6, Abstract 232 Wharton County, Texas.”  The trial court granted Moore’s
motion for summary judgment and severed Greer’s claims for rescission and
reformation.  Those claims remain
pending.

The court of appeals reversed the summary judgment
with this explanation:

 

Here the question is not
whether the property [claimed by Moore]
was described specifically enough [in Greer’s royalty deed to Steger], but
whether the “catch‑all” language is sufficient to effect a conveyance of
a significant property interest that Greer contends she had no intention of
conveying by this deed.  Jones v. Colle [727 S.W.2d 262 (Tex. 1987)] sets forth the
longstanding rule in Texas that a clause, like the one at issue here, can only
convey small interests that are clearly contemplated within the more
particularly described conveyance, and they are not effective to convey a
significant property interest not adequately described in the deed or clearly
contemplated by the language of the conveyance. 
Because the interest in Tract 3 was a substantial one, we hold that the
rule disallowing such “cover‑all” clauses to effectively convey a
substantial property interest is the controlling law in this case.

 

72 S.W.3d 436, 441.

We granted the petition for review to determine
the extent of the interest conveyed in the deed. 46 Tex.
Sup. Ct. J. 793 (June 19, 2003).

We may construe the deed as a matter of law only
if it is unambiguous.  See Westwind Exploration, Inc. v. Homestate
Sav. Ass’n, 696 S.W.2d
378, 381 (Tex. 1985).  Citing Holloway’s Unknown Heirs v. Whatley,
131 S.W.2d 89, 92 (Tex. 1939), Moore
argues that the deed is unambiguous and that the general description
establishes that the parties intended the deed to convey all of Greer’s royalty
interests in the county.  Pointing to a
line of cases in which our courts have recognized the validity of geographic
grants, Moore contends that the
general description falls into that category of conveyances and thus enlarges
the specific grant.  See, e.g.,
Holloway’s Unknown Heirs, 131 S.W.2d at 90.

Greer, on the other hand, contends that she
intended a specific conveyance only.  She
argues that the second grant does not enlarge the first.  Citing Jones v. Colle,
727 S.W.2d 262 (Tex. 1987), and Smith v. Allison, 301 S.W.2d 608 (Tex.
1957), she argues, and the court of appeals agreed, that the language following
the specific grant was intended to convey only small unleased
strips of land adjacent to the described property.  72 S.W.3d at 441. 

In Smith v. Allison, 301 S.W.2d 608, 611
(Tex. 1956), we held that a deed was ambiguous when its general description
conveyed a significantly greater interest (surface and minerals in land
included within the specific description) than the specific grant (minerals
only) and when the amount paid for that conveyance appeared to relate only to
the mineral interest specifically described. 
Accordingly, we noted that “the deed under question contain[ed] material
inconsistent provisions that render[ed] it uncertain as to the property
conveyed.”  Smith, 301 S.W.2d at
612.  We noted:

 

The
deed grants 1/2 of the minerals in two specifically described sections, and
although the granting clause, habendum clause, and
warranty clause confine the conveyance to minerals, yet, the general
description fails to limit the conveyance to minerals in the northeast 1/4 and
Sections 123 and 145.  These recitations
clearly indicate an inconsistency between the general description and the
descriptive matter identifying the particular tracts described and mentioned in
the deed. 

 

Id.  Because the deed was ambiguous, it was
correctly submitted to the jury, and we affirmed the judgment on that
verdict.  Id.
at 615. 

We face a similar problem here.  The specific description in Greer’s deed
points to a survey in which Greer apparently owns no interest.  The deed purports to convey “[a]ll of that tract of land out of the AB 801 SEC
14/W M BARNARD #14 SURVEY, . . . known as the MEDALLION OIL
- SIXS FRELS UNIT.”  As previously noted, Greer owns a 1/4
nonparticipating royalty interest in Tracts 1 and 2, which were pooled in the SixS Frels Unit; however, neither
tract is in the W M Barnard Survey. 
Therefore, the specific description either does not describe any royalty
interests owned by Greer, or it incorrectly describes her royalty interests in
Tracts 1 and 2 that are part of the SixS Frels Unit by stating that they are in the W M Barnard
Survey instead of the I. & G. N. R.R. Survey.  The general description conveys “all of
grantors [sic] royalty and overriding royalty interest in all oil, gas and
other minerals in the above named county or counties, whether actually or
properly described herein or not, and all of said lands are covered and
included herein as fully, in all respects, as if the same had been actually and
properly described herein.”  The deed in
effect states that Greer conveys nothing, and that she conveys everything.  We cannot construe this deed as a matter of
law.

Given the deed’s ambiguity, the trial court erred
in granting summary judgment.  A jury
should therefore hear evidence and determine the parties’ intent.  See Columbia Gas Transmission Corp. v. New
Ulm
Gas, 940 S.W.2d 587, 589 (Tex.
1996).  Accordingly, we affirm the court
of appeals’ judgment[1]
and remand to the trial court for further proceedings consistent with this
opinion. 

 

______________________________

Wallace B. Jefferson

Chief Justice   

 

 

OPINION DELIVERED:     December
 31, 2004

 

 











[1] In doing so, we express no opinion on the court of
appeals= holding that  “a
clause, like the one at issue here, can only convey small interests that are
clearly contemplated within the more particularly described conveyance, and
they are not effective to convey a significant property interest not adequately
described in the deed or clearly contemplated by the language of the
conveyance.@  72 S.W.3d at
441 (citing Jones v. Colle, 727 S.W.2d 262 (Tex. 1987)).