IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 
02-0455
════════════
 
J. Hiram 
Moore, Ltd., 
Petitioner,
 
v.
 
Mary Greer, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Thirteenth District of Texas
════════════════════════════════════════════════════
 
 
Argued October 
29, 2003
 
 
Chief Justice Jefferson delivered the 
opinion of the Court, in which Justice 
Hecht, Justice O’Neill, Justice Wainwright, and Justice Brister joined.
 
Justice Hecht filed a concurring 
opinion.
 
Justice Owen filed a dissenting 
opinion, in which Justice Medina 
joined.
 
JUSTICE 
GREEN and JUSTICE JOHNSON did not participate in the decision.
 
We 
deny the motion for rehearing. We withdraw our opinion of December 31, 2004 and substitute the 
following in its place.
Mary 
Greer, her three sisters, and their widowed mother partitioned an 80-acre tract 
into four 20-acre tracts, designated 1 through 4. The land is all in the 
I. & G. N. R.R. Survey No. 6, A-232 (“the Railroad 
Survey”), in Wharton 
County. Each sister received title to 
the surface and minerals in one tract and one-fourth of a non-participating 
royalty interest in each of the other three tracts. Greer received Tract 3.
In 
1988, the two sisters who owned Tracts 1 and 2 leased their minerals to Larry K. 
Childers. The SixS Frels #1 
Well was completed on an adjacent 106-acre tract in the Wm. Barnard Survey No. 
14, A-801 (“the Barnard Survey”), and in 1991 that tract was pooled with Tracts 
1 and 2 and four other tracts, at a specified horizon, to form the 350-acre 
SixS Frels Gas Unit. The 
following schematic drawing depicts Tracts 1-4 and the SixS Frels Gas Unit:
 


 
 
 
  
 ø  Wm. Barnard Survey No. 14, 
 A-801  ø
  
 9 
 SixS Frels Gas Unit 
 9
 
 
  
  
  
  
 
  
  
   106-acre Frels tract
  
 
  
                         
 
  
 ( 9 
 survey boundary 9 
 )
 
 
  
  
 
  
  
 
  
   20-acre
   Tract 1
 
  
   20-acre
   Tract 2
 
  
   20-acre
   Tract 3
 
  
   20-acre
   Tract 4
 
  
  
 
 
  
  
  
 4 tracts totaling 204 acres
  
 
  
  
 
 
  
  
 ø  I. & G. N. R.R. Survey No. 6, 
 A-232  ø
 
 
 
 
 
 
 
 
 
After 
1991, Greer was thus entitled to receive 1/4 of the royalty for each of Tracts 1 
and 2 from the SixS Frels #1 
Well. There was no production C 
hence no royalty due Greer C 
with respect to Tracts 3 and 4.
In 
May 1997, Greer and her sister leased the minerals in Tracts 3 and 4, 
respectively, to J. Charles Holliman, Inc. The following September, Greer 
executed a royalty deed to Steger Energy Corp. At the time, there was still no 
production with respect to Tracts 3 and 4, and despite her lease to Holliman 
four months earlier, Greer was unaware of any drilling activity planned for the 
future. Greer’s royalty deed to Steger consisted of nine numbered paragraphs in 
small print on a single page. The first paragraph conveyed all mineral royalties 
C
 
that may be produced from the following described lands 
situated in the County of 
Wharton, State of Texas, 
to wit:
 
All of that tract of land out of the AB 801 
SEC 14/W M 
BARNARD #14 SURVEY, Wharton 
County, Texas 
known as the MEDALLION OIL - SIXS 
FRELS UNIT. Grantor 
agrees to execute any supplemental instrument requested by Grantee for a more 
complete or accurate description of said land. Reference is made to this unit(s) 
for descriptive purposes only and shall not limit this conveyance to any 
particular depths or wellbores. In addition to the 
above described lands, it is the intent of this instrument to convey, and this 
conveyance does so include, all of grantors [sic] royalty and overriding royalty 
interest in all oil, gas and other minerals in the above named county or 
counties, whether actually or properly described herein or not, and all of said 
lands are covered and included herein as fully, in all respects, as if the same 
had been actually and properly described herein.
 
The 
first quoted sentence, a specific grant, describes land “known as the 
. . . SIXS FRELS UNIT” in the 
Barnard Survey. As already noted, the SixS Frels unit comprised tracts in both the Barnard Survey and 
the adjacent Railroad Survey, but Greer owned no interests in the Barnard 
Survey.[1] 
Greer’s only royalty interests in the SixS Frels unit were in Tracts 1 and 2, both of which were in the 
Railroad Survey. But the fourth sentence, a general grant, refers to all Greer’s 
interests in Wharton 
County, thus including not only her 
royalty interests in Tracts 1 and 2 in the SixS Frels Unit, but her interests in Tracts 3 and 4 as well.
During 
September and October, Steger acquired other royalty interests in 
Wharton 
County, and in December it sold 
twenty-five such interests, including the one acquired from Greer, to J. Hiram 
Moore, Ltd. for $360,000, which was market value. At that time, there was no 
production from Greer’s Tract 3, nor was it pooled with any producing 
property.
Two 
years later, in December 1998, Kaiser-Francis Oil Co., successor to the working 
interest in Tract 3 that Greer conveyed to Holliman, pooled about 313 acres, 
including Tracts 1-4, at a different horizon than the SixS Frels Gas Unit, for 
production from the Greer #1 Well which had been completed in Tract 3. 
Moore claimed all royalties with 
respect to the interests partitioned to Greer in Tracts 1-4, and when Greer 
disputed the claim, Kaiser-Francis suspended payments for those tracts.
Moore 
sued Greer to determine their respective rights, and Greer counterclaimed for 
declaratory relief as well as rescission and reformation based on mutual mistake 
and fraud. Moore moved for summary 
judgment, contending that it had acquired all of Greer’s royalty interests in 
Wharton 
County by purchasing her royalty deed 
to Steger. Greer responded that she had intended to convey to Steger only her 
interests in the SixS Frels 
Unit in the Barnard Survey. In her supporting affidavit, she stated: “I did not 
intend to convey any other property. I specifically did not intend to convey any 
of my interest in the I&GNRR Co. Survey No. 6, 
Abstract 232 Wharton County, 
Texas.” The trial court granted 
Moore’s motion for summary judgment 
and severed Greer’s claims for rescission and reformation. Those claims remain 
pending.
The 
court of appeals reversed the summary judgment with this explanation:
 
Here the question is not whether the property [claimed by 
Moore] was described specifically enough [in Greer’s royalty deed to Steger], 
but whether the “catch‑all” language is sufficient to effect a conveyance of a 
significant property interest that Greer contends she had no intention of 
conveying by this deed. Jones v. Colle [727 
S.W.2d 262 (Tex. 1987)] sets forth the longstanding rule in Texas that a clause, 
like the one at issue here, can only convey small interests that are clearly 
contemplated within the more particularly described conveyance, and they are not 
effective to convey a significant property interest not adequately described in 
the deed or clearly contemplated by the language of the conveyance. Because the 
interest in Tract 3 was a substantial one, we hold that the rule disallowing 
such “cover‑all” clauses to effectively convey a substantial property interest 
is the controlling law in this case.
 
72 
S.W.3d 436, 441.
We 
granted the petition for review to determine the extent of the interest conveyed 
in the deed. 46 Tex. Sup. Ct. J. 
793 (June 19, 2003).
We 
may construe the deed as a matter of law only if it is unambiguous. See Westwind Exploration, Inc. v. Homestate Sav. Ass’n, 696 S.W.2d 378, 381 
(Tex. 1985). Citing Holloway’s 
Unknown Heirs v. Whatley, 131 S.W.2d 89, 92 
(Tex. 1939), 
Moore argues that the deed is 
unambiguous and that the general description establishes that the parties 
intended the deed to convey all of Greer’s royalty interests in the county. 
Pointing to a line of cases in which our courts have recognized the validity of 
geographic grants, Moore contends 
that the general description falls into that category of conveyances and thus 
enlarges the specific grant. See, e.g., Holloway’s Unknown Heirs, 131 
S.W.2d at 90.
Greer, 
on the other hand, contends that she intended a specific conveyance only. She 
argues that the second grant does not enlarge the first. Citing Jones v. 
Colle, 727 S.W.2d 262 (Tex. 1987), and Smith v. 
Allison, 301 S.W.2d 608 (Tex. 1957), she argues, and the court of appeals 
agreed, that the language following the specific grant was intended to convey 
only small unleased strips of land adjacent to the 
described property. 72 S.W.3d at 441. 
In 
Smith v. Allison, 301 S.W.2d 608, 611 (Tex. 1956), we held that a deed 
was ambiguous when its general description conveyed a significantly greater 
interest (surface and minerals in land included within the specific description) 
than the specific grant (minerals only) and when the amount paid for that 
conveyance appeared to relate only to the mineral interest specifically 
described. Accordingly, we noted that “the deed under question contain[ed] 
material inconsistent provisions that render[ed] it uncertain as to the property 
conveyed.” Smith, 301 S.W.2d at 612. We noted:
 
The 
deed grants 1/2 of the minerals in two specifically described sections, and 
although the granting clause, habendum clause, and 
warranty clause confine the conveyance to minerals, yet, the general description 
fails to limit the conveyance to minerals in the northeast 1/4 and Sections 123 
and 145. These recitations clearly indicate an inconsistency between the general 
description and the descriptive matter identifying the particular tracts 
described and mentioned in the deed. 
 
Id. 
Because the deed was ambiguous, it was correctly submitted to the jury, and we 
affirmed the judgment on that verdict. Id. at 615. 
We 
face a similar problem here. The specific description in Greer’s deed points to 
a survey in which Greer apparently owns no interest. The deed purports to convey 
“[a]ll of that tract of land out of the AB 801 
SEC 14/W M BARNARD #14 SURVEY, . . . known as 
the MEDALLION OIL - SIXS FRELS 
UNIT.” As previously noted, Greer owns a 1/4 
nonparticipating royalty interest in Tracts 1 and 2, which were pooled in the 
SixS Frels Unit; however, 
neither tract is in the W M Barnard Survey. Therefore, the specific description 
either does not describe any royalty interests owned by Greer, or it incorrectly 
describes her royalty interests in Tracts 1 and 2 that are part of the SixS Frels Unit by stating that 
they are in the W M Barnard Survey instead of the I. & G. N. R.R. Survey. 
The general description conveys “all of grantors [sic] royalty and overriding 
royalty interest in all oil, gas and other minerals in the above named county or 
counties, whether actually or properly described herein or not, and all of said 
lands are covered and included herein as fully, in all respects, as if the same 
had been actually and properly described herein.” The deed in effect states that 
Greer conveys nothing, and that she conveys everything. We cannot construe this 
deed as a matter of law.
Given 
the deed’s ambiguity, the trial court erred in granting summary judgment. A jury 
should therefore hear evidence and determine the parties’ intent. See 
Columbia Gas Transmission Corp. v. New Ulm Gas, 940 S.W.2d 
587, 589 (Tex. 1996). Accordingly, 
we affirm the court of appeals’ judgment[2] 
and remand to the trial court for further proceedings consistent with this 
opinion. 
 
______________________________
Wallace 
B. Jefferson
Chief 
Justice
 
OPINION 
DELIVERED:     
May 20, 
2005
 
 




[1] We do not address whether, via pooling, Greer may have 
owned some interest in the Barnard Survey, as Moore stipulated below that “Greer owns no interest in the 
W.M. Barnard No. 14 Survey.” 

[2] In doing so, we express no opinion on the court of 
appeals’ holding that “a clause, like the one at issue here, can only convey 
small interests that are clearly contemplated within the more particularly 
described conveyance, and they are not effective to convey a significant 
property interest not adequately described in the deed or clearly contemplated 
by the language of the conveyance.” 72 S.W.3d at 441 (citing Jones v. Colle, 727 S.W.2d 262 
(Tex. 1987)).