**ARKANSAS OAK FLOORING COMPANY,**
**Appellant,**

v.

**F. G. MIXON, Appellee.**
**No. 7481.**

Court of Civil Appeals of Texas.

Texarkana.

July 2, 1963.

Rehearing Denied July 30, 1963.

Norman, Rounsaville & Hassell, Rusk, Law Offices of Tom Bankhead, Carthage, for appellant.

Long, Strong, Jackson & Strong, Carthage, for appellee.

CHADICK, Chief Justice.

This is a suit for damages accruing from a breach of contract. The trial court instructed a verdict and the judgment entered was unsatisfactory in part to both parties and both appealed. The judgment is affirmed.

Arkansas Oak Flooring Company, as plaintiff, sued F. G. Mixon, as defendant, in a district court of Panola County. The plaintiff's trial pleading stated a cause of action upon three separate contracts, one

written and the other two oral, alleging the defendant failed to pay the purchase price for timber located upon the tracts of land mentioned in each agreement. A copy of the written agreement of the parties is attached to plaintiff's pleadings.

Defendant, F. G. Mixon, in his trial pleading lodged special exceptions to plaintiff's petition, and among several defenses plead that on or about July 18, 1958, he entered into a written contract with the plaintiff to purchase and cut timber on the Robert Scott tract referred to in plaintiff's petition and the copy of the contract attached; that prior to the date that plaintiff filed suit, he, the defendant, delivered to plaintiff his check for $497.18, the balance allegedly due plaintiff under the contract, and tendered payment of that amount. In further answer he specifically denied that he agreed with the plaintiffs to pay the amounts allegedly due and owing for timber on two separate tracts known as the International Paper Company and Swift tracts as plead by the plaintiff, and entered a general denial.

At the trial all testimony offered by the plaintiff company, except the written agreement of the parties referred to in the plaintiff's pleading and herein called the "Mineola", (Texas) agreement to distinguish it from the oral agreements claimed to have been made at "Pine Bluff", (Arkansas), was objected to as being in violation of the parol evidence rule. The trial court sustained this objection and at the close of the testimony instructed a verdict against defendant Mixon and in favor of the plaintiff company for $497.18, the balance defendant Mixon had tendered into the court, and against the plaintiff company on its claims otherwise, and entered a judgment to correspond with costs assessed against defendant Mixon. Both parties objected to the judgment and gave notice of appeal.

Arkansas Oak Flooring Company as appellant, has briefed one point of error and one counter-point, the point of error follows:

"The trial court erred in instructing the jury to return a verdict for the defendant, except for the amount tendered into court, as there is sufficient evidence in the record to have supported a jury verdict for plaintiff for the full amount sought, and such evidence does not violate the parol evidence rule."

F. G. Mixon as appellee, has briefed one point of error and a counter-point, his point of error follows:

"The trial court erred in assessing costs of litigation against the prevailing party F. G. Mixon without stating on the record why such costs should be adjudged against the prevailing party and the record is void of any showing as to why such costs should be so adjudged."

The parties single out and recognize the principal question presented by Arkansas Oak Flooring Company as that of merger or not (integration) of the negotiations and alleged contractual agreements at Pine Bluff into the written instrument executed at Mineola. Their briefs treat it as a problem of admissibility of evidence, although it is to be seen that the appellant company's point of error seems to present the more complicated issue of the power of the presiding judge to make a determination of certain ultimate issues of fact of the intent of the parties preliminary to ruling upon the admissibility of evidence extrinsic to a written contract.

 Judges and legal scholars of the highest rank have had occasion to remark on the seemingly indefinite and uncertain application of the rule of merger by the courts.[1] The Supreme Court of This State

1. Tucker v. Boyd, 156 Tex. 262, 293 S.W. 2d 841; 70 American Law Report, 752–771; 2 Texas Law of Evidence (McCormick and Ray) 482, Sec. 1631; "Mc-Cormick on Evidence", 434 quotes Professor James Bradley Thayer, author of "Preliminary Treatise on Evidence at the Common Law" as saying "Few things

in Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30, discusses the parol evidence rule, its nature and application to the facts of the case before it. In doing so the court gave approval to rules and procedures that should be observed in the present case. The following is extracted for that purpose, to-wit:

"The parol evidence rule is not a rule of evidence at all, but a rule of substantive law. McCormick and Ray, Texas Law of Evidence, 2d., § 1601; 20 Am.Jur., Evidence, § 1100; 32 C.J. S. Evidence § 851.

"When parties have concluded a valid integrated agreement with respect to a particular subject matter, the rule precludes the enforcement of inconsistent prior or contemporaneous agreements. 17 Tex.Jur., Evidence §§ 352, 353; McCormick and Ray, supra, § 1601.

"On the other hand, the rule does not preclude enforcement of prior or contemporaneous agreements which are collateral to an integrated agreement and which are not inconsistent with and do not vary or contradict the express or implied terms or obligations thereof. McCormick and Ray, supra, § 1631; 17 Tex.Jur., Evidence, § 370; Williston on Contracts, Rev.Ed., Vol. 3, § 642; Wigmore on Evidence, 3rd Ed., Vol. IX, § 2430, Page on Contracts, 2d Ed., Vol. 4, § 2191; Corbin on Contracts, Vol. 3, § 594.

\* \* \* \* \* \*

"The rule with respect to proof and enforcement of collateral agreements is thus stated in the Restatement of the Law of Contracts, Vol. 1, § 240:

" '(1) An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject-matter, if the agreement is not inconsistent with the integrated contract, and

" ' (a) is made for separate consideration, or

" ' (b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract.' "

In Professor Charles T. McCormick's "Handbook of the Law of Evidence" (McCormick on Evidence), p. 441, Sec. 216, following a review of the many opinions expressed by courts and text writers upon the subject is this suggestion:[2] "Let the trial judge, after hearing the testimony as to the alleged oral agreement, including the evidence of substantiating circumstances, compare it with the terms of the writing, and if he considers that it is one which parties situated as these were would 'naturally and normally' have recited in the writing itself, had they made it and intended it to stand, then he will reject the evidence thus tentatively heard. On the other hand, if (in the terms of the Restatement) he concludes that the alleged oral pact is 'such an agreement as might normally be made as a separate agreement by parties situated as were the parties to the written contract,' then he will allow the evidence to go to the jury." This approach required the trial judge in this case to hear the evidence of the alleged oral agreements made in Pine Bluff and pertinent surrounding circumstances and compare the oral agreements with the terms of the writing executed at Mineola and decide from the evidence whether or not the parties would naturally and normally have recited the Pine Bluff agreements in the writing if they had intended the Pine Bluff agreements to be obligatory. And second, to decide whether or not the alleged Pine Bluff oral agree-

are darker than this, or fuller of subtle difficulties."

2. This is repeated in 2 Texas Law of Evidence (McCormick & Ray, p. 450, Sec. 1603.

ments might have normally been made as a separate agreement by the parties situated as they were. The trial judge heard the testimony and his ruling implies that he decided the issues of fact adversely to the appellant company. The ruling must stand unless the contrary is established as a matter of law.

■ The excerpt from the Restatement of the Law of Contracts, Vol. 1, Sec. 240 approved by the Supreme Court in Hubacek v. Ennis State Bank supra, heretofore quoted, is a procedural device for determining the intention of the parties when an oral agreement is followed by a contractual writing and can now be used as a guide in reviewing the court's ruling.

■ The actual consummation of an oral contract at Pine Bluff is disputed but the subsequent written agreement at Mineola is affirmed by both parties. No essential inconsistency between the oral agreements and the written agreement is perceived. The next step, or question is, were the considerations for the oral contracts separate from the consideration for written contract? The president of the appellant company testified that the timber on the Scott, International Paper Company, and Swift tracts was sold separately in each instance to Mr. Mixon for a stated amount per tract. His testimony is clear that purchase and sale of the timber on these three tracts was the object of the Pine Bluff negotiation and the agreements he claimed the parties consummated. The appellant company's other witness, a field supervisor, testified to facts contradictory of the president's testimony in some important respects. This witness testified concerning the Pine Bluff agreement, saying the purchase and sale of timber on four tracts, that is, Scott, International Paper Company, Swift and Scoggins, was the object of negotiation and sale. He says that no representation was made to Mixon regarding the board feet of lumber on any of the four tracts, that the four tracts were offered to Mixon for the aggregate of the separate prices quoted him on the three tracts named by the company president. In this connection he said defendant Mixon wanted to know how much money it would take to buy the four tracts of timber. This conflict in the evidence was subject to being reconciled by the trial judge. On construing it he was authorized to conclude that if an agreement was made at Pine Bluff, it was a sale in bulk of the four tracts for a single consideration constituting a single contract and not independent and separate sales of three or four different tracts constituting three or four separate sales agreements.

Continuing with the Restatement's final step or question, is there evidence that the oral sale of International Paper tract and the Swift tract are such agreements as might naturally be made by the parties, situated as they were, as agreements separate from the written contract? The president of the company testified that because of previous relations with Mixon and the practice of his company in not always committing agreements of this nature to writing, he would not have required the written instrument executed by the parties at Mineola, had he been handling the details of the transaction. Referring to the policy of his company in committing contracts of this nature to writing he used the expressions "we do normally" and "we don't require it in every instance". He explained that written agreements similar to the Mineola contract were used to insure that the company got the lumber produced from the timber sold. He admitted that the Mineola contract was an obligation of his company, but offered no explanation for permitting its execution and the subsequent operations in accordance with it.

The field supervisor testified that the parties did not sign any papers in Pine Bluff at the end of negotiations there because it was getting late in the afternoon and Mr. Mixon wanted to get back to Texas. In addition, he said that the em-

ployee acting for the company in the execution of the Mineola contract received his instructions from the president or himself, and admitted that he probably directed him in regard to the execution of the Mineola agreement. His explanation for describing the Scott tract alone in the Mineola contract was that the Scott tract was in a different county from the others and the company did not describe timber in more than one county in a single instrument.

■ Construction of these witnesses testimony and its implications would allow the trial judge to conclude that the oral Pine Bluff agreements were not such as might naturally have been made as agreements separate and apart from the Mineola contract by these parties under the circumstances shown. The trial judge did not abuse his discretion in rejecting evidence of the Pine Bluff agreements. Nor is error shown in the refusal of the trial judge to submit the issues of fact discussed for jury determination.

■ The court's ruling rendered immaterial any question of whether or not the parties made an agreement at Pine Bluff. The Constitution guarantees a jury trial in causes cognizable at common law and statutes in effect at the time of the adoption of the Constitution in 1879. Hickman v. Smith, Tex.Civ.App., 238 S.W.2d 838. The parol evidence rule and the judge's function in administering it antedates the Constitution. Even though the parol evidence rule is a rule of substantive law, the traditional prerogative of the judge continues under present practice and he may determine issues of fact, such as have been discussed, preliminary to ruling upon the admissibility of evidence in administer-

ing the rule. See McCormick's Handbook of the Law of Evidence, Sec. 210–216.

■ Mr. Mixon in his capacity as an appellant and in support of his point of error previously stated, proceeds on the theory that he prevailed in the trial court. Appraisal of the pleadings and the evidence does not sustain this position. As previously noted, he was sued for several sums of money, including a balance that he admitted owing under the terms of the Mineola contract. Although his pleadings tendered this balance, he also plead a general denial. In his testimony he admitted that the check to pay the balance mailed to the plaintiff company prior to suit bore the notation "timber account in full"; and that it was returned by the company and he mailed it to them a second time, but they neither cashed nor returned it prior to the time he took the witness stand. Then, while on the stand, he tendered to the court the amount of the check on condition that the court require the return of the unpaid check. The record shows that on acceptance of this condition he handed the clerk a check on the Carthage First National Bank, and the other check in the hands of counsel for the company was offered in evidence as an exhibit. Thereafter the court instructed a verdict for Mixon except for the amount of $497.18, and decreed that the Arkansas Oak Flooring Company have and recover such amount from the defendant Mixon, together with costs, etc. No unconditional offer to pay was made at any time. The record simply shows that the plaintiff recovered a small part of its original demand from the defendant, together with costs. There is no error shown in the assessment of costs. Rule 131, Rules of Civil Procedure. The judgment of the trial court is affirmed.