ACCEPTED
06-14-00100-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/11/2015 3:55:23 PM
DEBBIE AUTREY
CLERK



**ANDERSON**
**LEHRMAN**
**BARRE**
**MARAIST, L.L.P.**

GASLIGHT SQUARE
1001 THIRD STREET, SUITE 7
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 884-4981
TELECOPIER (361) 884-9618
WWW.ALBMLAW.COM

ANDREW J. LEHRMAN*
BOARD CERTIFIED CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
*ADMITTED IN TEXAS & NEW MEXICO
CERTIFIED MEDIATOR
www.Lehrman-Mediation.com
ROBERT ANDERSON
DENNY BARRE
KEVIN M. MARAIST
BOARD CERTIFIED BUSINESS BANKRUPTCY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

*BRANCH OFFICE:
SANTA FE, NEW MEXICO 87507
TELEPHONE (505) 424-4981
DOUGLAS D. McLALLEN
**ADMITTED IN TEXAS, NEW YORK NEW JERSEY

OF COUNSEL:
DOUGLAS E. BIRCHER
MARVIN J. WANNER
BOARD CERTIFIED ESTATE PLANNING & PROBATE
TEXAS BOARD OF LEGAL SPECIALIZATION
TIMOTHY P. DOWLING
BOARD CERTIFIED BUSINESS BANKRUPTCY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

*RECEIVED IN:
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/12/2015 8:52:00 AM
DEBBIE AUTREY
Clerk

November 11, 2015

Sixth Court of Appeals
100 N. State Line Ave., Ste. 20
Texarkana, Texas 75501

> Re: No. 06-14-00100-CV; *Mueller v. Davis, et al.*; Letter Brief of
> Appellees

Dear Honorable Justices:

Appellees, James H. Davis, Individually and James H. Davis d/b/a J.D. Minerals and JDMI, LLC ("Appellees"), subject to leave of Court, file this Letter Brief and Response to "Appellant's Reply to Sur-Reply Brief of Appellee and Response to Motion for Sanctions" filed on November 2, 2015 ("Appellant's Sur-Reply Brief").

## 1.)  Agreement Regarding Appellant's Reply Brief

In accordance with the Rules of Appellate Procedure, Appellant's counsel conferred with counsel for Appellees regarding the filing of additional briefs to assist the Court. Counsel for Appellees agreed to not to oppose Appellant's reply brief with the caveat that Appellees would not waive any objections in accordance with Texas Rules of Appellant Procedure. *See **Exhibit "A"***, Letter and email regarding Appellant's reply Brief, and expressly reserving the right to object to filings in derogation of the Texas Rules of Appellate Procedure.

**2.)  Appellant Improperly Raises a New Issue in His Second Reply Brief Not Raised in His Opening Brief**

Texas Rule of Appellate Procedure 38.3 does not permit Appellant to include in a reply brief a new issue in response to a matter pointed out in Appellees' brief but not raised by Appellant's original brief. Tex. R. App. P. 38.3; *U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 849 (Tex. App. – Corpus Christi 2011, pet. denied). Appellant's Sur-Reply Brief raises, for the first time, a new argument by asserting that Appellees did not preserve objections to summary judgment evidence offered by Appellant. (Appellant's Sur-Reply Brief, p. 3).

**3.)  The Issue of the Trial Court's Evidentiary Ruling (or Lack Thereof) Is Not Properly Before the Court**

Appellant argues now for the first time that the trial court did not rule on objections made by Appellees to the parol evidence offered by Appellant in the trial court.  As stated above, Appellant is not permitted to raise a new issue for the first time in a reply brief.  Tex. R. App. P. 38.3.  Appellees object to Appellant's Sur-Reply Brief to the extent it raises new issues in violation of Tex. R. App. P. 38.3.

**A.)  No Objection or Trial Court Ruling is Required to Challenge Parol Evidence**

Without waiving its objection to Appellant's new issue, but relying expressly thereon, Appellant confuses the so-called "parol evidence rule" with an ordinary rule of evidence.  The parol evidence rule is not a rule of evidence as it's name might indicates, but rather is a rule of substantive law. *Tuttle v. Simpson*, 735 S.W.2d 539, 541-42 (Tex. App.—Texarkana 1987, no writ); *Arkansas Oak Flooring Company v. Mixon*, 369 S.W.2d 804 (Tex.Civ.App.-Texarkana 1963, no writ); *Pac. Fin. Corp. v. Crouch*, 243 S.W.2d 432, 436 (Tex. Civ. App.—Texarkana 1951, no writ).

The parol evidence rule is a substantive rule of law because evidence of oral or written expressions, prior to or contemporary with a written instrument, are excluded from evidence not because of any rule of evidence, but because such evidence merely constitutes proof of facts that are *immaterial and inoperative. Piper, Stiles & Ladd v. Fid. & Deposit Co. of Md.*, 435 S.W.2d 934, 940 (Tex. Civ.

App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.).

A litigant does not waive his rights under the parol evidence rule merely by failing to object to or obtain a ruling on the introduction of parol evidence at trial (though Appellees did object. CR 408, CR 1035-1050). *State Nat'l Bank v. Academia, Inc.,* 802 S.W.2d 282, 291 (Tex. App.-Corpus Christi 1990, writ denied). *See Tuttle,* 735 S.W.2d at 541-42; *Arkansas Oak Flooring Company,* 369 S.W.2d 804; *Pac. Fin. Corp.* 243 S.W.2d at 436 (Tex. Civ. App.—Texarkana 1951, no writ). Parol evidence, objected to or not, is without probative force and will not support any finding made by the finder of fact. *Hartford Ins. Co. v. Commerce & Indus. Ins. Co.,* 864 S.W.2d 648, 650 (Tex. App. – Houston [1st Dist.] 1993, writ denied).

## B.) Appellant, not Appellees, waived Error Associated with Trial Court's Treatment of Appellant's Parol Evidence

Contrary to Appellant's untimely assertion, it is Appellant who has waived any issue regarding the trial court's consideration (or disregard of ) parol evidence attached to Appellant's summary judgment responses. In *RK Greenery, Inc,* RK Greenery appealed summary judgments on the ground that the trial court **"improperly disregarded parol evidence"**, just as Appellant argues. *RK Greenery Inc. v. Texoma Plant & Tree Farms, LLC,* 06-08-00126-CV, 2009 WL 1514927, at *1 (Tex. App.—Texarkana June 2, 2009, no pet.) (emphasis supplied). *See* Appellant's Sur-Reply Brief, p. 3. The trial court granted summary judgment against RK Greenery summary judgment without ruling on the admissibility of the parol evidence proffered by RK Greenery. *RK Greenery,* 2009 WL 1514927 at *2[1]. This Court held that RK Greenery failed to preserve error, stating, ". . . as a prerequisite to presenting a complaint for appellate review, the record must show that ... the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule ... and the complaining party, Appellant, objected to the refusal." Tex.R.App. P. 33.1(a)(2)(B)". In this case, the record does not demonstrate that the trial court ruled on the parol evidence issue expressly or implicitly, that it refused to rule, or that Appellant objected to the trial court's failure or refusal to rule. *See RK Greenery Inc.* , 2009 WL 1514927, at *2. Accordingly, it is Appellant who

---

[1]The Summary Judgment order appealed by Appellant states "After considering the Motion, Plaintiff's Responses and *timely filed summary judgment proof. . .*" (CR 2064) (emphasis supplied).

has failed to preserve this issue for appellate review.

### C.) Parol Evidence is Immaterial and Inoperative, Even if Not Objected to or Ruled Upon

Even if Appellant had not failed to preserve error, the evidence still is not probative, is without weight, and constitutes "no evidence." Evidence that violates the parol evidence rule "has no legal effect and merely constitutes *proof of facts that are immaterial and inoperative.*" *Edascio, L.L.C. v. NextiraOne L.L.C.*, 264 S.W.3d 786, 796 (Tex. App. - Houston [1st Dist.] 2008, pet. denied) (emphasis supplied); *Piper, Stiles & Ladd*, 435 S.W.2d at 940.

Accordingly, Appellant's belated attempt bolster his parol evidence by observing that the trial court made no ruling is of no moment, because parol is "no evidence" absent an exception to the parol evidence rule[2], even in the absence of an objection or ruling in the trial court. *Edascio, L.L.C.*, 264 S.W.3d at 796, *Piper, Stiles & Ladd*, 435 S.W.2d at 940. Given its ruling, the trial court either properly disregarded the extrinsic parol evidence upon its finding that the deeds are unambiguous, or it found an ambiguity, it upheld the deeds in spite of the parol evidence and ruled in favor of the deeds' enforceability[3]. In any event, Appellant has waived the argument. Additionally, because the trial court did not explicitly state the basis of its granting of Appellees' summary judgment, this Court can affirm the trial court's summary judgment if *any* of the theories advanced by Appellees are meritorious. *RK Greenery Inc.*, 2009 WL 1514927, at *2 *citing Hill v. Bartlette*, 181 S.W.3d 541, 544 (Tex.App.-Texarkana 2005, no pet.) (citing *StarTelegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995)).

### 4.) Additional Authority – The 1991 County-Wide Grants in the Deeds are Not Void Under the Statute of Frauds

In a new case out of the United State District Court, Western District of Texas, the court rejected the same argument made by Appellant regarding blanket property descriptions. *Huggins v. Royalty Clearinghouse, Ltd.*, __ F. Supp. 3d __, Case No.

---

[2]Appellant can show no exception because the conveyances are unambiguous and Appellant has no standing to assert fraud claims. *See* Appellees' Brief at pages 43-49.

[3]*See* fn 1 at p. 3.

A-14-CA-1058-SS, 2015 WL 4637630, *5 (W.D. Tex. July 31, 2015) *citing Tex. Consol. Oils v. Bartels,* 270 S.W.2d 708, 711 (Tex.Civ.App.-Eastland 1954, writ ref'd) *(citing Pickett v. Bishop,* 148 Tex. 207, 223 S.W.2d 222 (1949); *Sanderson v. Sanderson, 130 Tex. 264, 109 S.W.2d 744 (Tex.Com.App.1937); Smith v. Westall,* 76 Tex. 509, 13 S.W. 540 (1890)). The Court rejected Appellant Huggins' contention that the blanket description is void under the statute of frauds, stating, "According to more than a century of Texas law, Huggins is incorrect." Huggins, Case No. A-14-CA-1058-SS, 2015 WL 4637630, *5.

The Huggins Court, quoting from *Texas Consolidated Oils v. Bartels,* held:

> *"[i]t has long been the rule that a deed purporting to convey all lands owned by the grantor in a State or in a named county is sufficient description to effect a conveyance."*

The *Huggins* court ruled that a deed conveying all of grantor's interest in a named survey within a named county "is sufficient to reasonably identify the land" and satisfies the state of frauds. *Huggins,* 2015 WL 4637630 at *5; *citing Bartels,* 270 S.W.2d at 711 (emphasis supplied).

## 5.) Sanctions – Appellees' Belated Recognition of the Validity of Blanket Grants in His Most Recent "Reply to Sur-Reply" Brief is Too Little, Too Late

Appellant's Sur-Reply Brief, *for the first time,* acknowledges that county-wide or blanket grants are "legitimate. *See* Appellant's Sur-Reply Brief, p. 14. This is in direct conflict with Appellant's prior briefs, which persisted in the incorrect argument, in the face of overwhelming precedent to the contrary, that a conveyance must contain a metes and bounds description or reference to a prior document containing same which is filed in the public record. (*See* Appellant's opening brief at pp 8-13 and Appellant's Reply Brief at p. 3). Appellees respectfully submit that after the filing of two appellate briefs and in response to a motion for sanctions for frivolous appeal on this issue, Appellant's late reversal on this inarguable point of law is too little, too late. Much time and resources have already been committed to responding to Appellant's baseless arguments and turning a blind eye to the overwhelming authority on this point. Accordingly, sanctions are appropriate pursuant to Tex. R. App. P. 45.

In light of the foregoing, Appellee prays that the trial court's judgment be *affirmed* and that the Court grant sanctions for frivolous appeal pursuant to Tex. R. App. P. 45.

Respectfully submitted,

ANDERSON, LEHRMAN, BARRE & MARAIST, L.L.P.
Gaslight Square
1001 Third Street, Suite 1
Corpus Christi, Texas  78404
Telephone:  (361) 884-4981
Telecopier: (361) 883-4079
Email:  dmclallen@albmlaw.com


By: /s/ *Douglas D. McLallen*
Douglas D. McLallen
State Bar No. 00788025

**Marshall C. Wood**
State Bar No. 00797690
NORTON & WOOD, LLP
315 Main Street
Post Office Box 1808
Texarkana, Texas 75504
Telephone: (903) 823-1321
Facsimile:  (903) 823-1325
Email:  marshall@nortonandwood.com

Attorneys for Appellees

## CERTIFICATE OF SERVICE

I certify that on November 11, 2015, a true and correct copy of Appellees' Letter Brief was served on counsel of record as indicated below.

Mr. Bob Whitehurst
Whitehurst & Whitehurst
Attorneys at Law
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas 75703

*Via Electronic Delivery:* whitehurstlawfirm@yahoo.com

/s/ *Douglas D. McLallen*
Douglas D. McLallen


# WHITEHURST & WHITEHURST
## ATTORNEYS AT LAW

5380 OLD BULLARD ROAD, SUITE 600, #363        (903) 593-5588
TYLER, TEXAS 75703        (214) 853-9382 (FAX)

Mr. Douglas McLallen        October 29, 2015
Attorney at Law
1001 Third St., Suite 1
Corpus Christi, Texas 78404
(1-361-884-9618 fax)

       Re: Mueller v. Jd Minerals et al

Dear Doug:

       To insure that I understand your position, you are not opposed to me a filing reply to your sur-reply motion, in that you will probably file a letter reply to that reply by appellant.

       I will also probably file a reply to that letter.

       As stated previously, I would think that the appeals court will allow both parties to present all issues to the court.

       If you will let me know if you are opposed or unopposed to said motion.

       If there are any problems or questions, do not hesitate to contact my office.

       Sincerely,

*Bob Whitehurst*

Bob Whitehurst

~~Opposed~~ (Unopposed) — As limited on the attached Exhibit "A".

_____
Douglas McLallen

# EXHIBIT "A"

# Douglas McLallen

| | |
|---|---|
| **From:** | Douglas McLallen |
| **Sent:** | Thursday, October 29, 2015 4:53 PM |
| **To:** | 'Bob Whitehurst'; 13618849618@efaxsend.com |
| **Cc:** | Marshall Wood; Robert Anderson; Douglas McLallen; Laura Morris; Chelo Flores |
| **Subject:** | RE: Mueller v. Jd Minerals |
| **Attachments:** | dougreplybriefletter2.pdf |

**Importance:** High

Bob,

I agree to the contents of your attached letter the extent all subsequent filings are compliant with the Tex. R. App P.

I do not believe any new matters / arguments may be raised by either of us, but we can flesh out existing theories / arguments to assist the Court.

I do not plan on adding anything outside of what was in our opening brief's Points.

Finally, I am not agreeing to waive the argument that any subsequently raised matter was waived if it was not raised in the trial court – which is a standard I shall adhere to.

Best regards,

Douglas D. McLallen, Sr
ANDERSON, LEHRMAN, BARRE & MARAIST, LLP
Gaslight Square
1001 Third Street, Suite 1
Corpus Christi, Texas 78404
361-884-4981
361-884-9618 (Fax)

*Confidentiality Note:* The information contained in or attached to this transmission is attorney privileged and confidential information and privileged work product, intended only for the use of the person named above. Any copying, distribution, or other dissemination of this material is prohibited. If you have received this transaction in error, please notify the sender by phone and return the original transmission to us via U.S. Mail. Your cooperation is appreciated.

*Aviso De Confidencialidad:* Al menos que se indique de otra manera o que se derive de la naturaleza de esta transmisión, la información contenida en este correo es información confidencial para uso exclusivo del destinatario señalado. Si el lector de este mensaje no es el destinatario indicado, ni empleado o agente responsable de entregar este correo a su destinatario, se le hace saber que la distribución o copia de esta comunicación esta estrictamente prohibida. Si Usted recibió esta comunicación por error, por favor notifique inmediatamente a quien lo envió y destruya dicho correo. Gracias.

*Disclosure Pursuant to Treasury Regulations in Circular 230:* To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

No email from this sender shall constitute a binding "signature" under the Uniform Electronic Transfer Act unless expressly stated otherwise in the body hereof.

**From:** Bob Whitehurst [mailto:whitehurstlawfirm@yahoo.com]
**Sent:** Thursday, October 29, 2015 4:19 PM
**To:** 13618849618@efaxsend.com; Douglas McLallen
**Subject:** Mueller v. Jd Minerals